GLATZ v. GLATZ

[98 N.C. App. 324 (1990)]

New trial.

Judges PHILLIPS and EAGLES concur.

---

BOBELLA BLALOCK GLATZ v. FRANK ROBERT GLATZ, JR.

No. 8917DC835

(Filed 1 May 1990)

1. **Divorce and Alimony § 16.11 (NCI3d)— alimony—income withholding—attorney's fees**

   The trial court correctly denied plaintiff's motion for attorney's fees and expenses pursuant to N.C.G.S. § 110-136.6(b) and N.C.G.S. § 50-13.6 because plaintiff first asserted her claim for attorney's fees in a motion filed three months after entry of the income withholding order. Language in N.C.G.S. § 110-136.6(a) allowing court costs and attorney's fees to be included in the amount withheld clearly contemplates that such claims should be asserted prior to the entry of the withholding order.

   **Am Jur 2d, Divorce and Separation §§ 613, 614.**

2. **Appeal and Error § 28.1 (NCI3d)— alimony—findings as to disposable income—no exceptions**

   Although plaintiff questioned the trial judge's findings with regard to defendant's disposable income in her motion to amend judgment and motion for a new trial, no exceptions were noted in the record on appeal to any of the trial judge's findings on this issue and the assignment of error has no merit.

   **Am Jur 2d, Appeal and Error § 558.**

3. **Divorce and Alimony § 28 (NCI3d)— child support—Illinois judgment—full faith and credit**

   The trial judge erred by not extending full faith and credit to an Illinois judgment by refusing to enforce automatic adjustment provisions, allowing defendant a credit against his child support obligation, and refusing to award prejudgment interest to plaintiff where the trial judge concluded that those provisions would be unenforceable under North Carolina law. The

**GLATZ v. GLATZ**

[98 N.C. App. 324 (1990)]

Illinois judgment was never registered in North Carolina and remained a valid and fully enforceable judgment of another state entitled to enforcement according to its terms in this state under the full faith and credit clause in the United States Constitution. U.S. Constitution Art. IV, Sec. 1.

**Am Jur 2d, Divorce and Separation §§ 1102, 1103, 1130, 1131.**

APPEAL by plaintiff from *Martin (Jerry Cash), Judge.* Orders entered 4 May 1989 in District Court, STOKES County. Heard in the Court of Appeals 14 February 1990.

This is a civil action wherein plaintiff seeks to have the court enter an order enforcing an Illinois judgment in which defendant agreed to pay child support to plaintiff by requiring the withholding of child support payments from defendant's income pursuant to G.S. 110-136.5.

Plaintiff and defendant were married on 24 August 1968 in Springfield, Illinois. Two children were born of the marriage: Frank Robert Glatz, III, born 2 December 1970, and Kristen Lynn Glatz, born 25 February 1975.

Plaintiff and defendant were granted an absolute divorce on 29 January 1979 in Sangamon County, Springfield, Illinois. In entering the divorce judgment, the Illinois court found that:

J. The parties have entered into an agreement concerning the question of custody, visitation and support of the minor children . . . which agreement has been presented to this Court . . . it is not unconscionable and ought to receive the approval of this Court; that the separation agreement between the Petitioner and the Respondent referred to hereinabove is made a part of this Judgment of Dissolution of Marriage as set forth hereinafter.

Pursuant to the parties' separation agreement as incorporated into the Illinois divorce decree, defendant consented to pay child support to plaintiff in the amount of $300.00 per month per child for 36 months from the date of entry of the judgment, and then beginning with the 37th calendar month, to pay a base amount of $500.00 per month per child to be adjusted in relation to deviations in the average Wholesale Price Index (now called the Producer Price Index).

On 28 August 1987, plaintiff filed a complaint in the District Court, Forsyth County, alleging defendant to be in arrears for payment of child support and medical expenses in the amount of $116,366.65 and seeking to have the court order that $1,500.00 per month be withheld from defendant's income to pay current child support, and an additional $3,000.00 per month to be withheld and applied toward the liquidation of the arrearages. On 9 November 1988 "nunc pro tunc for 18 October 1988," Judge Martin entered an order in the District Court, Stokes County, finding that "the plaintiff is entitled to an order of income withholding in the amount of . . . ($1,733.20) per month from the defendant, through his employer, F.R. Glatz, M.D., P.A."

Plaintiff then filed a "Motion to Amend Judgment and Motion For a New Trial" pursuant to Rules 55(b) and 59 of the North Carolina Rules of Civil Procedure on 27 October 1988, contending in part that:

1. . . . The Court failed to consider the total earnings of the defendant's professional association, F.R. Glatz, Jr., M.D.P.A., notwithstanding the fact that the defendant is the sole shareholder of said association and enjoys the full benefit of its earnings. . . .

2. The Court's finding that the automatic adjustment provisions contained in the Illinois Judgment were unenforceable in North Carolina is contrary to applicable law.

3. The Court's ruling that the plaintiff is not entitled to interest on each child support payment as it became due is contrary to applicable law.

Plaintiff filed a second motion on 31 January 1989, asking the court to enter an order requiring defendant to pay her reasonable attorney's fees and expenses pursuant to G.S. 110-136.6(b) and 50-13.6.

A hearing was conducted on 25 April 1989 to consider both motions. The court heard arguments from counsel representing both parties, but plaintiff presented no additional evidence at the hearing. Based upon the evidence presented, Judge Martin made the following pertinent findings of fact:

(3) The evidence presented at the hearing as to the defendant's earnings and disposable income was consistent with and convincing to the Court as to the earnings and disposable

income of the defendant as found by the Court in its order of November 9, 1988.

(4) The Court's rulings and findings of fact concerning the "automatic adjustment" provisions and "interest" were made by the Court after extensive research by the Court and counsel for the parties and arguments by counsel as to the applicable law in the instant case; that after further argument, the Court is still convinced that its conclusions of laws applied in the order of November 9, 1988, are the appropriate laws to be applied in the instant case.

Judge Martin also concluded as a matter of law that G.S. 110-136.6 does not grant plaintiff a substantive right to attorney's fees incurred at the hearing to obtain a "withholding order."

Based upon these findings of fact and conclusions of law, Judge Martin entered orders denying both plaintiff's "Motion to Amend Judgment and Motion For a New Trial" under Rules 55(b) and 59 and her motion for an award of attorney's fees. Plaintiff appealed.

*Elliot & Pishko, P.A., by David C. Pishko, for plaintiff, appellant.*

*Morrow, Alexander, Tash, Long & Black, by John F. Morrow and Clifton R. Long, Jr., for defendant, appellee.*

HEDRICK, Chief Judge.

[1] In her fourth assignment of error, plaintiff contends "[t]he trial court committed error in denying the plaintiff's motion for attorney's fees." We disagree. Plaintiff argues that G.S. 110-136.6(a) "clearly authorizes the award of [attorney's] fees in income withholding cases." G.S. 110-136.6(a) provides in pertinent part:

The *amount withheld* may also include court costs and attorneys fees as may be awarded by the Court in non-IV-D cases . . . (emphasis added).

In denying plaintiff's motion for an award of attorney's fees, the trial judge found that "[t]he plaintiff's claim for relief did not allege any arrearages under the order of [the] Illinois court for attorney's fees and/or court costs." The record on appeal supports Judge Martin's finding and further demonstrates that plaintiff first asserted a claim for attorney's fees in her motion filed on 31 January 1989; this motion being filed three months after the entry of the income withholding order on 18 October 1988.

We find the language in G.S. 110-136.6(a) allowing court costs and attorney's fees to be included in the amount withheld by the court clearly contemplates that such claims should be asserted prior to the entry of the withholding order. Therefore, we hold the trial judge had no authority to allow plaintiff's motion for an award of attorney's fees in the present case, and his order denying plaintiff's motion will be affirmed.

[2] Plaintiff's fifth assignment of error states "[t]he District Court committed error by refusing to consider the income of the defendant's professional association when calculating the defendant's disposable income." In granting the income withholding order on 18 October 1988, Judge Martin made the following finding with respect to defendant's disposable income:

32. The Court finds that the defendant has a disposable income of Fifty Two Thousand Dollars ($52,000.00) annually, or Four Thousand Three Hundred Thirty Three Dollars ($4,333.00) per month.

Although plaintiff questions the trial judge's findings with respect to defendant's disposable income in her "Motion to Amend Judgment and Motion For a New Trial," no exceptions are noted in the record on appeal to any of the trial judge's findings on this issue. "When findings of fact are not challenged by exceptions in the record, they are presumed to be supported by competent evidence and are binding on appeal." *Tinkham v. Hall*, 47 N.C. App. 651, 652-653, 267 S.E.2d 588, 590 (1980). Thus, this assignment of error has no merit.

[3] Finally, in assignments of error Nos. 1, 2, and 3, plaintiff contends the trial court erred by (1) refusing to enforce the automatic adjustment provisions contained in the Illinois child support judgment, (2) allowing defendant a credit against his child support obligation for items purchased for the minor children, and (3) refusing to award prejudgment interest on defendant's child support arrearage. In support of each of these contentions, plaintiff argues the trial court erred in failing to fully enforce the child support provisions included in the Illinois divorce judgment because such provisions would be unenforceable under North Carolina law. We agree.

In the present case, plaintiff and defendant entered into a separation agreement which, among other things, provided for the

support of the minor children and contained the provisions cited above. This agreement was made part of the Illinois divorce decree with both parties' knowledge and consent. In making the agreement part of the divorce judgment, the Illinois court found: "[the agreement] is not unconscionable and ought to receive the approval of this Court. . . ."

"The full faith and credit clause in the United States Constitution, Article IV, Sec. 1, requires that the judgment of the court of one state must be given the same effect in a sister state that it has in the state where it was rendered." *Fleming v. Fleming*, 49 N.C. App. 345, 349, 271 S.E.2d 584, 587 (1980). In the case *sub judice*, the Illinois judgment incorporating the parties' separation agreement was never registered in North Carolina and remained a valid and fully enforceable judgment of another state entitled to enforcement according to its terms in this state. Therefore, the trial judge erred in not extending full faith and credit to the Illinois judgment by (1) refusing to enforce the automatic adjustment provisions, (2) allowing defendant a credit against his child support obligation, and (3) refusing to award prejudgment interest to plaintiff.

Thus, this cause must be remanded to the District Court, Stokes County, for an entry of an order awarding plaintiff interest on the judgment and adjusting the payments on the judgment in accordance with the Wholesale Price Index, and deleting any credits for defendant for items purchased for the minor children.

Affirmed in part; reversed and remanded in part.

Judges PHILLIPS and DUNCAN concur.