**John WALKER, Plaintiff–Appellant,**

**v.**

**Donald N. SNYDER Jr., Director, Illinois Department of Corrections, et al., Defendants–Appellees.**

No. 98–3308.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 18, 2000

Decided May 16, 2000

As Revised on Denial of Rehearing July 12, 2000

John Walker (submitted), Dixon Correctional Center, Dixon, IL, pro se.

Brian F. Barov, Office of the Attorney General, Criminal Appeals Division, Chicago, IL, for defendants–appellees.

Seth M. Galanter, Department of Justice, Civil Rights Division, Appellate Section, Washington, DC, for intervenor.

Before BAUER, EASTERBROOK, and RIPPLE, Circuit Judges.

EASTERBROOK, Circuit Judge.

John Walker has no vision in his right eye and poor vision in his left—though with corrective lenses, bright light, and concentration he can read. Since 1993 Walker has been imprisoned by Illinois for residential burglary, and he wants the state to accommodate his condition in several ways: books on tape, a brightly lit cell to himself (so that he can read better and does not have to worry about a cellmate put out of sorts by having to tolerate his disability), and transfer to a less restrictive prison. According to Walker, Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131–65, requires Illinois to provide these accommodations. His suit initially included arguments under the eighth amendment and 42 U.S.C. § 1983, but these were dismissed by the district court and are not developed in Walker's appellate brief. We therefore treat Walker's claim as arising wholly under the ADA.

At the time Walker filed suit, Illinois was not providing books on tape. The district court concluded that this violated the Act but held that the defendants need not pay damages because, until *Pennsylvania Department of Corrections v. Yeskey*, 524 U.S. 206, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998), and *Crawford v. Indiana Department of Corrections*, 115 F.3d 481 (7th Cir.1997), application of the ADA to prisoners was open to question. Consequently, the district court held, the defendants are entitled to qualified immunity. Because prison officials now provide Walker with audio books, he is not entitled to prospective relief on that subject, the court concluded. Walker continues to seek not only a better placement within the prison system but also free equipment to play the books. Illinois loaned Walker a tape play-

er, but it required him to promise to reimburse the state if either the tapes or the player should be lost or damaged. Walker believes that this violates the ADA, but the district judge disagreed. According to the court, Walker's remaining claims are legally insufficient, so the court dismissed the complaint for failure to state a claim on which relief may be granted. 1998 U.S. Dist. LEXIS 9128 (N.D. Ill. June 9, 1998).

The district court's conclusion that legal uncertainty prevents an award of damages for a violation of the ADA is incorrect. Although several decisions have held or assumed that individual defendants are entitled to qualified immunity in ADA litigation, see, e.g., *Hall v. Thomas,* 190 F.3d 693, 696–97 (5th Cir.1999); *Key v. Grayson,* 179 F.3d 996, 999–1000 (6th Cir.1999), none of these opinions considered whether natural persons are proper defendants in the first place. (What is more, none of these decisions discussed whether it is sound to extend immunity principles from litigation under 42 U.S.C. § 1983 to suits under more recent, and more detailed, laws. We, too, can avoid addressing that question.)

■ Qualified immunity is a personal defense, which does not apply to institutional defendants in suits under federal statutes. *Owen v. Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980). In suits under Title II of the ADA, as under many other federal anti-discrimination laws, such as Title VII and the ADEA, the proper defendant usually is an organization rather than a natural person. Under Title II of the ADA, which forbids discrimination by "any public entity", 42 U.S.C. § 12131, the proper defendant is that "entity." Although Walker did not name the state's Department of Corrections as a defendant, he did name its director, who stands in for the agency he manages. The director and all of the other defendants must have been sued in their official capacities—that is, as proxies for the state, *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45

(1989); *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)—rather than their individual capacities, because the ADA addresses its rules to employers, places of public accommodation, and other organizations, not to the employees or managers of these organizations. *Silk v. Chicago,* 194 F.3d 788, 797 n. 5 (7th Cir.1999), holds that there is no personal liability under Title I of the ADA. Although we have not previously extended this conclusion to Title II, see *Bryant v. Madigan,* 84 F.3d 246, 249 (7th Cir.1996), the relevant text of the ADA does not draw any distinction for the purpose of identifying the appropriate defendants. Thus we agree with *Alsbrook v. Maumelle,* 184 F.3d 999, 1005 n. 8 (8th Cir.1999) (en banc), that as a rule there is no personal liability under Title II either. (We have therefore substituted Donald Snyder, the current director, for his predecessor Odie Washington. See Fed. R.App. P. 43(c)(2).) Perhaps some sections of the ADA other than the ones involved here allow personal liability; it is a complex statute, with several titles, and it would be foolish for a court to declare *a priori* that none of its many rules is exceptional. In the main, however, and in this case, institutional liability is exclusive, so qualified immunity is unavailable.

■ Because defendants have been sued and could be liable only in their official capacities, we must consider their argument that the eleventh amendment closes the doors of the federal courts. Although the commerce clause gives Congress ample authority to enact the ADA, legislation based only on the commerce clause does not subject states to private litigation in federal court. Legislation based in § 5 of the fourteenth amendment, by contrast, supports private litigation. *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976).

■ In the wake of *Kimel v. Florida Board of Regents,* —— U.S. ——, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000), we have held that § 5 does not afford Congress the authority to enact Title I of the ADA. *Erickson v. Board of Governors for Northeast-*

*ern Illinois University,* 207 F.3d 945 (7th Cir.2000); *Stevens v. Illinois Department of Transportation,* 210 F.3d 732 (7th Cir. 2000). Our opinion in *Erickson* reserved questions concerning other titles of the ADA, which potentially have different scope. But Walker's claim falls squarely within both *Erickson's* and *Stevens's* reasoning, for those cases concluded that Title I of the ADA cannot be based on § 5 to the extent that it requires accommodation of disabilities (rather than simply requiring the state to disregard disabilities) and to the extent that it forbids a state to take account of disabilities that are rationally related to permissible objects of public action. Walker wants Illinois to accommodate rather than ignore his disability. He does not contend (and could not reasonably contend) that it is irrational for a state to ask for repayment if loaned property is lost or damaged, or to put a prisoner in a two-person cell.

Walker relies not only on § 5 but also on *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441 (1908), which holds that many suits against state officers in their own names are outside the eleventh amendment, at least to the extent they concern prospective rather than monetary relief. See, e.g., *Will,* 491 U.S. at 71 & n. 10, 109 S.Ct. 2304; *Young,* 209 U.S. at 159–60, 28 S.Ct. 441. But a suit based on *Young* is a suit against state officers as individuals, not against the state itself. We held above that the only proper defendant in a action under the provisions of the ADA at issue here is the public body as an entity. A suit resting on the *Young* approach is not a suit against the public body and therefore cannot support relief. Walker must pursue all of his ADA theories in state court.

The judgment of the district court is vacated, and the case is remanded with instructions to dismiss the ADA claim, without prejudice, for want of jurisdiction.