Larry MOORE, Plaintiff–Appellant,

v.

Paul CHAVEZ; Michigan Department of Corrections; M.J. Pass, Assistant Warden; Jim Hill; Bruce Curtis, Warden, Defendants–Appellees.

Nos. 01–1553, 01–2308.

United States Court of Appeals, Sixth Circuit.

March 26, 2002.

Before NORRIS, SILER, and GILMAN, Circuit Judges.

*ORDER*

Larry Moore, a Michigan prisoner proceeding pro se, appeals the district court order dismissing his complaint construed as brought under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131, et seq., and 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In district court case No. 00–71112, Moore sued the Michigan Department of Corrections (MDOC) and MDOC officials Paul Chavez, M.J. Pass, Jim Hill, and Bruce Curtis for monetary and injunctive relief. Moore alleged that the defendants improperly denied him indigent status after he dropped out of an educational course. In district court case No. 00–71116, Moore alleged that the same defendants denied him prison employment when he refused to take a qualifying exam. The district court consolidated the cases. The defendants moved to dismiss or for summary judgment, and Moore filed a response. The magistrate judge recommended dismissing the case for failure to exhaust administrative remedies. Moore filed objections. The district court rejected the magistrate judge's report and recommendation, dismissed case No. 00–71112 in its entirety on the merits, dismissed Moore's claim for monetary relief in case No. 00–71116, and held that Moore's claim for injunctive relief in case No. 00–71116 could proceed. Moore's appeal from that order is appeal No. 01–1553. The district court later entered an order in case No. 00–71116 granting Moore declaratory relief and denying him monetary relief. Moore's appeal from that order is No. 01–2308.

On appeal, Moore argues that: (1) the denial of indigent status constitutes cruel and unusual punishment; and (2) the defendants should not have required him to take a test not related to the job he requested.

Upon de novo review, we agree with the district court that Moore's allegations in district court case No. 00–71112 did not involve a federal constitutional or statutory right and failed to state a claim. *See* Fed.R.Civ.P. 12(b)(6); *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir. 1998). Moore claimed that he signed up for a computer class with the understanding that he could drop it if it proved too difficult. He dropped the course after a few days because he could not grasp the written material. Defendant Chavez then denied Moore indigent status under MDOC policy. In his complaint, Moore alleged that the denial of his indigent status violated "federal and ADA laws." In his response to the defendants' motion to dismiss, Moore added that the denial of indigent status amounted to cruel and unusual punishment.

Moore's complaint failed to state a claim under any legal theory. First, he had no constitutional right to take an educational course. *See Rhodes v. Chapman,* 452

U.S. 337, 348, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *Canterino v. Wilson,* 869 F.2d 948, 952–54 (6th Cir.1989). Second, Moore, who is confined to a wheelchair, did not have an ADA claim. By his own admission, the defendants revoked Moore's indigent status because he dropped the computer class and not because of his disability. Notably, Moore did not claim that his disability prevented him from completing the class. Thus, Moore's disability had nothing to do with his indigent status and he did not state an ADA claim.

Third, Moore's allegations do not rise to the level of cruel and unusual punishment. Moore alleged that as a result of losing his indigent status he could not receive a loan to purchase hygiene items. He did not allege, however, that he suffered extreme discomfort due to his inability to purchase the items or that he was completely denied the basic elements of hygiene. *See Rhodes,* 452 U.S. at 347, 101 S.Ct. 2392; *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Moreover, Moore admitted that the defendants denied him indigent status because he dropped the computer class and did not claim that they did so out of indifference to his hygienic needs. Moore had no Eighth Amendment claim because his allegations satisfied neither the objective nor subjective components of such a claim. *See Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000).

■ Finally, Moore's loss of indigent status did not infringe on any other federal right. He complained that he was unable to correspond with his family and was denied writing materials for his legal work. "[I]ndigent inmates have no constitutional right to free postage for nonlegal mail." *Hershberger v. Scaletta,* 33 F.3d 955, 957 (8th Cir.1994). Although prisoners have a constitutional right of meaningful access to the courts, a prisoner must demonstrate actual prejudice to pending or contemplated litigation to state a claim. *Lewis v. Casey,* 518 U.S. 343, 355, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Because Moore did not allege that he suffered any prejudice to his legal work as a result of losing his indigent status, he had no access to the courts claim.

■ Upon review of district court case No. 00–71116, we conclude that the district court properly dismissed Moore's claims for monetary damages. This court reviews de novo a district court's decision to dismiss for lack of subject matter jurisdiction, *see Ang v. Procter & Gamble Co.,* 932 F.2d 540, 544 (6th Cir.1991), and for failure to state a claim. *See Lewis,* 135 F.3d at 405. Moore alleged that the defendants discriminated against him because he has to use a wheelchair and cannot take tests under pressure. This court recently held that Eleventh Amendment immunity bars equal protection-type claims, but not due process-type claims, brought under Title II of the ADA. *Popovich v. Cuyahoga County Court of Common Pleas, Domestic Relations Div.,* 276 F.3d 808, 811 (6th Cir.2002) (en banc). Because Moore's allegations more closely resemble an equal protection claim than a due process claim, Moore's claim against the MDOC for damages is barred by the Eleventh Amendment.

■ We also conclude that Moore had no claim for monetary relief against the individual defendants. Title II of the ADA does not provide for individual capacity suits against state officials. *See* 42 U.S.C. § 12131(1); *Walker v. Snyder,* 213 F.3d 344, 346 (7th Cir.2000), *cert. denied,* 531 U.S. 1190, 121 S.Ct. 1188, 149 L.Ed.2d 104(2001). Although the district court did not state the grounds for dismissing Moore's ADA claims against the individual defendants, the court reached the right result. Accordingly, we affirm the district

court's decision under the authority of *City Mgmt. Corp. v. U.S. Chem. Co.,* 43 F.3d 244, 251 (6th Cir.1994).

In case No. 01–1553, the district court properly dismissed Moore's claim that the defendants improperly denied him indigent status for failure to state a claim for relief. *See Lewis,* 135 F.3d at 405; *Mayer,* 988 F.2d at 638. In case No. 01–2308, the district court properly dismissed Moore's ADA claims for monetary damages. *See Popovich,* 276 F.3d 808, 809; *Walker,* 213 F.3d at 346. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.