**Jeff R. STRONG, Plaintiff–Appellant,**

v.

**ILLINOIS DEPARTMENT OF HUMAN SERVICES, Defendant–Appellee.**

No. 01–3574.

United States Court of Appeals, Seventh Circuit.

Submitted July 24, 2002 *.

Decided Aug. 5, 2002.

Before CUDAHY, COFFEY, ROVNER, Circuit Judges.

ORDER

Jeff Strong sued the Illinois Department of Rehabilitation Services (now known as the "Department of Human Services"), claiming that the Department denied him assistance in seeking employment in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA"). The district court dismissed his complaint, concluding that Strong's claims are barred by the Eleventh Amendment. Strong appeals, and we affirm.

The Eleventh Amendment immunizes the states against damage suits brought in federal court by their own citizens, unless the state has waived immunity or Congress has validly abrogated the immunity.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Bd. of Trustees of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363–64, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Will v. Mich. Dep't. of State Police, 491 U.S. 58, 66–70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Illinois has not waived its Eleventh Amendment immunity. Kroll v. Bd. of Trustees of the Univ. of Ill., 934 F.2d 904, 907 (7th Cir.1991).

Nor did Congress validly abrogate the states' immunity by enacting the ADA. Garrett, 531 U.S. at 372 (states retain Eleventh Amendment immunity under Title I of the ADA). Moreover, though the Supreme Court has not yet decided the issue, we have previously held that actions by private individuals against a state under Title II of the ADA are barred by the Eleventh Amendment based upon similar reasoning. Walker v. Snyder, 213 F.3d 344, 347 (7th Cir.2000), cert. denied, 531 U.S. 1190, 121 S.Ct. 1188, 149 L.Ed.2d 104 (2001).

Finally, though in his appellate brief Strong waives any claim made under 42 U.S.C. § 1983, the district court properly construed his pleadings liberally and dismissed any potential claim. Illinois maintains Eleventh Amendment immunity from actions for damages brought by its citizens in federal court under § 1983. Will, 491 U.S. at 67–70.

AFFIRMED.