WILLIE M. BROWN, DAVID S. BAGLEY, JOAN BAGLEY, ORRIS CROSS, AND RUSSELL ANDERSON, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, PLAINTIFFS v. NORTH CAROLINA DIVISION OF MOTOR VEHICLES, DEFENDANT

No. COA02-9

(Filed 31 December 2002)

**Parties; Pleadings—motion to amend complaint—adding Commissioner of Motor Vehicles in official capacity—fee for handicapped parking placards**

The trial court did not abuse its discretion in an action challenging defendant Division of Motor Vehicle's (DMV) fee for handicapped parking placards as being an unlawful surcharge in violation of the Americans with Disabilities Act (ADA) under 42 U.S.C. § 12101 by denying plaintiffs' motion to amend their complaint to add the Commissioner of Motor Vehicles in her official capacity, and did not err by dismissing the action.

Appeal by plaintiffs from judgment entered 14 June 2001 by Judge Donald W. Stephens and filed 19 June 2001 in Wake County Superior Court. Heard in the Court of Appeals 9 October 2002.

*Patterson, Harkavy & Lawrence, LLP, by Melinda Lawrence and Burton Craige; Peterson & Meyers, P.A., by Stephen R. Senn, and Antonello & Fegers, P.A., by Robert Joseph Antonello, for plaintiffs-appellants.*

*Attorney General Roy Cooper, by Special Deputy Attorneys General James Peeler Smith and Hal F. Askins, for the State.*

WALKER, Judge.

This action challenges defendant's fee for handicapped parking placards as being an unlawful surcharge in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 (1990). Plaintiffs originally filed suit in federal court on 7 August 1996. The U.S. District Court dismissed the action, and the Fourth Circuit Court of Appeals affirmed the dismissal. On 12 March 1999, while awaiting the Supreme Court's ruling on their motion for *certiorari*, plaintiffs filed the present action.

On 11 May 2001, after the pending cases were determined, plaintiffs moved to amend their complaint to add as a defendant Janice Faulkner, in her official capacity as Commissioner of the North

Carolina Division of Motor Vehicles (DMV). Specifically, plaintiffs alleged they were suing Faulkner in her official capacity and the trial court had jurisdiction over state entities, such as Commissioner of the DMV. Plaintiffs sought a declaratory judgment that the ADA prohibits the DMV and Faulkner from requiring payment for placards necessary for the use of special parking places set aside for disabled persons.

On 21 April 1999, defendant moved to dismiss the action for lack of subject matter and personal jurisdiction, to abate the action or to stay the action pending the outcome of plaintiffs' federal action against defendant. On 9 December 1999, the trial court ordered the action stayed pending completion of plaintiffs' federal action against defendant and the U.S. Supreme Court decision in *Alden v. Maine*, 527 U.S. 706, 144 L. Ed. 2d 636 (1999) (holding Congress' attempted authorization of private actions against states in state courts without their consent was an unconstitutional abrogation of state sovereign immunity). All motions were heard, and on 14 June 2001, the trial court denied plaintiffs' motion to amend their complaint and allowed defendant's motion to dismiss, finding and concluding in part:

10. The Fourth Circuit's holding that § 35-103(f) does not abrogate the State's immunity is determinative of that issue with respect to the present action . . . .

11. Sovereign immunity of the State protects the State from suit in its own courts absent valid Congressional abrogation or consent by the State to suit. *Alden v. Maine*, 527 U.S. 706, 119 S.Ct. 2240, 144 L. Ed. 2d 636 (1999).

12. This Court has jurisdiction to hear this action only if the General Assembly has acted to waive the State's immunity from suit brought under the ADA. The General Assembly has not so acted.

13. Because the General Assembly has not waived the State's immunity from suit under the ADA, this Court lacks jurisdiction to hear the above-captioned action.

14. The action must, therefore, be dismissed unless plaintiffs are allowed to amend their complaint to name the Commissioner of Motor Vehicles in her official capacity pursuant to the doctrine of *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L. Ed. 714 (1908), a legal fiction which permits State officials to be

sued in their official capacity for prospective injunctive or declaratory relief to enforce federal rights.

15. The ADA does not allow suits against individuals. *Baird v. Rose,* 192 F.3d 462 (4th Cir. 1999); *Allsbrook v. City of Maumelle,* 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (*en banc*) ("That term [public entity], as it is defined within the statute, does not include individuals"), *cert. dismissed,* 529 U.S. 1001, 120 S.Ct. 1265, 146 L. Ed. 2d 215 (2000); *see also Walker v. Snyder,* 213 F.3d 344 (7th Cir. 2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1188, 149 L. Ed. 2d 104 (2000). Thus, only public entities may be sued under the ADA. The Director of DMV in her official capacity is not a "public entity.["] *See* 42 U.S.C. § 12132.

16. Leave to file an amended complaint should not be allowed when the proposed amended complaint would still fail to state a cause of action and amendment would consequently be futile. The Court, therefore, in its discretion denies plaintiffs' Motion for Leave to File an Amended Complaint.

17. The Court further concludes that the $5.00 fee does not violate § 35-130(f) or the ADA.

Plaintiffs appeal alleging they can maintain an *Ex Parte Young* action for prospective injunctive relief against Faulkner in her official capacity under Title II of the ADA and that their proposed amended complaint properly states a claim for relief.

Pursuant to Rule 15(a) of the North Carolina Rules of Civil Procedure, a party may amend its pleadings once without leave of the court if amended prior to the time a responsive pleading is served. N.C. Gen. Stat. § 1A-1, Rule 15(a) (2001). Thereafter, "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Id.*

A motion to amend is left to the sound discretion of the trial court, and a denial of such motion is reviewable only upon a clear showing of abuse of discretion. *Walker v. Sloan,* 137 N.C. App. 387, 402, 529 S.E.2d 236, 247 (2000); *House of Raeford Farms, Inc. v. City of Raeford,* 104 N.C. App. 280, 282, 408 S.E.2d 885, 887 (1991). The trial court's ruling "is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not

have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

Although the trial court is not required to make specific findings to support its denial of a motion to amend, reasons that would justify a denial include: undue delay, bad faith, undue prejudice, futility of amendment and repeated failure to cure defects through previous amendments. *Chicopee, Inc. v. Sims Metal Works*, 98 N.C. App. 423, 430, 391 S.E.2d 211, 216 (1990). Where a trial court fails to state specific reasons for denial of a motion to amend or where the trial court cites reasons that are inconsistent or incomplete, this Court may examine any apparent reasons for such a denial. *See City of Winston-Salem v. Yarbrough*, 117 N.C. App. 340, 347-48, 451 S.E.2d 358, 364 (1994); *Martin v. Hare*, 78 N.C. App. 358, 361, 337 S.E.2d 632, 634 (1985). Defendant contends the trial court correctly denied plaintiffs' motion to amend and allowed defendant's motion to dismiss for lack of jurisdiction.

Without addressing all of the findings of the trial court's order denying plaintiffs' motion to amend, we find support for the trial court's denial of the motion to amend. Allowing plaintiffs' motion would significantly alter the legal issues presented. *See Outer Banks Contractors, Inc. v. Daniels & Daniels Constr., Inc.*, 111 N.C. App. 725, 729, 433 S.E.2d 759, 762 (1993). The issue currently presented by plaintiffs' complaint is whether the state is protected from suit by sovereign immunity. Specifically, plaintiffs' complaint alleges "[t]he DMV has no immunity from a suit in state court to enforce the provisions of the ADA." However, if plaintiffs' motion to amend is granted, they seek to add Faulkner as a defendant in order to meet jurisdictional requirements. Thus, the additional issue would be presented: whether, under *Ex Parte Young*, plaintiffs are entitled to prospective injunctive relief against DMV through Faulkner serving in her official capacity as Commissioner of the DMV.

Furthermore, even though the present action was stayed pending the outcome of plaintiffs' federal action against defendant, from the date of the *Alden* decision, plaintiffs were aware that the likelihood of a successful state action would require the addition of an *Ex Parte Young* claim. *See Alden*, 527 U.S. 706, 144 L. Ed. 2d 636. Although *Alden* was decided on 23 June 1999, plaintiffs waited almost two years, until 11 May 2001, to move to amend their complaint in accordance with the ruling in that case.

**BROWN v. N.C. DIV. OF MOTOR VEHICLES**

[155 N.C. App. 436 (2002)]

We find no evidence that the trial court abused its discretion in denying plaintiffs' motion to amend their complaint. Since plaintiffs' objection to the trial court's dismissal was premised on the theory that the trial court would have jurisdiction with the addition of Faulkner as a defendant and since we are affirming the trial court's denial of the motion to amend, the trial court's dismissal of the action is also affirmed.

Affirmed.

Judges THOMAS and BIGGS concur.