**Shannon ARGUE, Plaintiff–Appellant,**

v.

**N.G. HOFMEYER, et al., Defendants– Appellees.**

**No. 03–1156.**

United States Court of Appeals, Sixth Circuit.

Oct. 30, 2003.

Shannon Argue, pro se, Muskegon Heights, MI, for Plaintiff–Appellant.

Before: CLAY and COOK, Circuit Judges; and STAFFORD, District Judge.*

### ORDER

Shannon Argue, proceeding *pro se*, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

By way of background, the record indicates that, following Argue's transfer to E.C. Brooks Correctional Facility, the classification director (C.R. Starr) issued a *program classification report indicating* that Argue should be placed in school because his GED/HSG status could not be verified.** Argue disputed this classification and refused to accept his school assignment. As a result of his refusal, Argue maintained that he has been denied a work assignment and indigent status, and that he has been confined to his room for twenty-three hours a day.

Seeking monetary and injunctive relief, Argue sued several employees at the E.C. Brooks Correctional Facility, including a school principal (N. G.Hofmeyer), the warden (Mary Berghuis), a classification director (Starr), a prisoner services secretary (M.Puckett), and a grievance coordinator (J. Minnerick), as well as the Manager of the Prison Affairs Section of the

---

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

** (In a letter, R. Holley, of the correctional facility, indicated that the Bear Lake Schools, in Bear Lake, Michigan, which Argue had supposedly attended, had no records of him.)

Michigan Department of Corrections ("MDOC") and John and Jane Doe employees of the MDOC. Argue claimed that: 1) the defendants violated his due process because he was not afforded a hearing prior to imposing the challenged program classification; 2) he has been improperly confined to his room for twenty-three hours per day, Monday through Friday; 3) he has been denied hygiene supplies; 4) he has been denied postage to write to his friends and family; and 5) the grievance process is unfair. Upon review, the district court concluded that Argue had failed to state a claim upon which relief may be granted as to each of his claims. Hence, it dismissed the complaint. Argue has filed a timely appeal, essentially reasserting his claims.

Upon review, we conclude that the district court properly dismissed Argue's complaint. This court renders *de novo* review of a district court's dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). The Prison Litigation and Reform Act requires district courts to screen and dismiss complaints that are frivolous, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In determining whether Argue's complaint fails to state a claim, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether Davis undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *See Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000).

■ We initially consider Argue's first and fourth claims for denial of due process and then proceed to examine the other claims in order. Argue has failed to state a

due process claim with respect to his program classification. Prisoners have no constitutional right to rehabilitation, education, or jobs. *Rhodes v. Chapman,* 452 U.S. 337, 348, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *Canterino v. Wilson,* 869 F.2d 948, 952–54 (6th Cir.1989); *Ivey v. Wilson,* 832 F.2d 950, 955 (6th Cir.1987). Thus, in the absence of a recognized liberty interest, Argue's program classification does not rise to any level of constitutional magnitude. Hence, he has not stated a claim concerning his reclassification or the denial of a work assignment.

■ In addition, Argue has not stated a claim concerning the alleged denial of postage to communicate with his friends and family. Even as an indigent inmate, Argue had no constitutional right to free postage for nonlegal mail. *See Moore v. Chavez,* 36 Fed.Appx. 169, 171 (6th Cir. 2002); *Hershberger v. Scaletta,* 33 F.3d 955, 957 (8th Cir.1994). Although prisoners have a constitutional right to meaningful access to the courts, a prisoner must demonstrate actual prejudice to pending or contemplated litigation to state a claim. *Lewis v. Casey,* 518 U.S. 343, 355, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Because Argue did not allege that he suffered any prejudice to his legal work as a result of losing his indigent status, he had no access to the courts claim. *Moore,* 36 Fed.Appx. at 171.

■ We also conclude that Argue has not stated an Eighth Amendment claim concerning his twenty-three hour per day confinement to his cell. Argue's confinement to his cell for twenty-three hours per day, Monday through Friday, does not rise to the level of a constitutional magnitude, because the confinement does not impose an atypical and significant hardship. *See Sandin v. Conner,* 515 U.S. 472, 484–86, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (an inmate's confinement to his cell during

work hours for refusal to accept a work assignment does not constitute an atypical and significant hardship). Likewise, Argue has not stated a claim concerning his choice of showering over exercising. This court has never set a minimum amount of time a prisoner must have access to outdoor recreation. *See Rodgers v. Jabe,* 43 F.3d 1082, 1086–87 (6th Cir.1995) (no minimum amount of outdoor exercise required to avoid Eighth Amendment violation).

Argue has not stated an Eighth Amendment claim concerning the alleged denial of hygiene products. Although the Eighth Amendment prohibits the denial of basic needs, including hygiene, *see Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), Argue's claim does not rise to the level of cruel and unusual punishment. Argue did not allege that he suffered extreme discomfort or that he has been completely denied hygiene products. *Moore,* 36 Fed.Appx. at 171. Moreover, Argue does not dispute that his indigent status was revoked because he rejected his education classification. He did not allege that the revocation occurred out of indifference to his hygienic needs. Argue had no Eighth Amendment claim because his allegations satisfied neither the objective nor subjective components of such a claim. *Id.*

■ Finally, Argue has not stated a claim concerning the alleged interference with his ability to file grievances. Argue alleged that the defendants have violated his right to petition the government for redress by repeatedly rejecting his grievances and placing him on modified access status. However, Argue's allegations do not state a claim because there is no inherent constitutional right to an effective prison grievance procedure. *See Hewitt v. Helms,* 459 U.S. 460, 467, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir.1994); *Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.