**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted August 29, 2007[*]
Decided March 13, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

No. 07-1440

| | |
|---|---|
| MARSHA B. BREWER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of |
| | Wisconsin. |
| *v.* | |
| | No. 04 C 694 |
| WISCONSIN BOARD OF BAR | |
| EXAMINERS, et. al., | William C. Griesbach, |
| *Defendants-Appellees*. | *Judge*. |

## O R D E R

Marsha Brewer, who has a mental disability, is a graduate of the University of Wisconsin Law School who disclosed in her application for admission to the Wisconsin Bar that the Social Security Administration had certified her as disabled.  The Wisconsin Board

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2).

of Bar Examiners ("the Board") inquired further, and learned that Brewer receives Social Security disability benefits in part because of chronic depression and fatigue, for which she currently receives no treatment or medication. Responding to a request from the Board, Brewer authorized the release of her medical records, but her doctors had not retained them. The Board directed Brewer to undergo and pay for a $2,000 psychological evaluation, which she refused to do. Brewer offered instead to provide affidavits from former employers and law-school professors who could attest to her fitness to practice law, but the Board rejected this alternative. The Board declined to act on her application, and as a result Brewer—temporarily, as we will see—lost her chance to be admitted to the bar without having to pass a bar examination, a privilege of graduates of Wisconsin law schools, known as "diploma privilege."

Brewer sued the state, the Wisconsin Supreme Court, the Board, and various persons in their official and individual capacities (collectively, "the Board"), asserting violations of her constitutional rights under 42 U.S.C. §§ 1983 and 1985, as well as claims under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12134, and the Vocational Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 701-718. The district judge dismissed all of her claims except for those seeking injunctive relief under the ADA (specifically, restoration of her diploma privilege and review of her bar application without the need for a psychological evaluation). These claims survived a motion for summary judgment. Faced with the prospect of a trial, the Board promised Brewer that if she reapplied for admission she would retain her diploma privilege and would not be required to undergo a psychological evaluation. Because Brewer received all that she had sought by these claims for injunctive relief, the district court dismissed them as moot. Brewer appeals the dismissals, including the dismissal of her claims for damages.

We can dispose quickly of Brewer's § 1983 claims under the Fourth and Fourteenth Amendments to the Constitution, as well as the § 1985 claims, all of which depend on constitutional violations, s*ee Bublitz v. Cottey*, 327 F.3d 485, 488 n.3 (7th Cir. 2003). Brewer alleged that in requesting a psychological evaluation and access to her medical records the Board violated her Fourth Amendment rights. But a psychological evaluation is not a "search" for Fourth Amendment purposes. *See Greenawalt v. Ind. Dep't of Corr.*, 397 F.3d 587, 589-90 (7th Cir. 2005). Anyway the Board did not obtain the records.

Brewer's allegation that the Board deprived her of a property right and liberty interest in pursuing her chosen profession also fails. Any constitutional interest that she may have in pursuing her desired profession is "subject to reasonable government regulation." *Conn v. Gabbert*, 526 U.S. 286, 292 (1999). Her receiving disability benefits signifies that the federal government considers her unable to pursue gainful employment, *see* 42 U.S.C. § 423(d)(2)(A); *Lee v. City of Salem*, 259 F.3d 6678, 672 (7th Cir. 2001), and it was

reasonable for the Board therefore to require a psychological fitness evaluation of her before licensing her to practice law. Brewer's desire for a speedy and routine approval of her application did not establish a property interest. *See Schroeder v. City of Chi.*, 927 F.2d 957, 959 (7th Cir. 1991); *Scott v. Vill. of Kewaskum*, 786 F.2d 338, 339 (7th Cir. 1986) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)).

Brewer's claim that the Board's request for a psychological evaluation violated her right to equal protection also fails. The Board is to license only persons "whose record of conduct justifies the trust of clients, adversaries, courts and others with respect to the professional duties owed to them." Wis. Admin. Code BA § 6.01. Given Brewer's disabling mental-health condition, the Board's request for a psychological evaluation was rationally related to its interest in ensuring that only competent persons are admitted to practice law in Wisconsin. *See Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 366-67 (2001); *Martin-Trigona v. Underwood,* 529 F.2d 33, 36 (7th Cir. 1975) (per curiam).

The district court rejected Brewer's claims under the Americans with Disabilities Act on the ground that the Board was immune from suit because the Act does not abrogate state immunity for claims challenging attorney-licensing practices. Brewer cites *Tennessee v. Lane*, 541 U.S. 509 (2004), but it holds only that in enacting the ADA, Congress had identified a history and pattern of unconstitutional discrimination against the disabled with respect to their fundamental right of access to the courts, 541 U.S. at 522-29, and by doing so had validly abrogated state immunity for such claims. *Id.* at 533-34. Brewer does not argue that Congress has ever identified a history and pattern of unconstitutional discrimination against the disabled in the administration of attorney-licensing schemes. It has not. *See Garrett*, 531 U.S. at 368-69; *Roe v. Johnson*, 334 F. Supp. 2d 415, 422 (S.D.N.Y. 2004). Brewer's ADA claims against individual defendants in their individual capacity must fail because the Act authorizes suits only against public entities, *see* 42 U.S.C. §§ 12131-12133; *United States v. Georgia*, 546 U.S. 151, 154 (2006); *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000).

As for Brewer's Rehabilitation Act claims, she presented no competent evidence that the Board receives federal assistance, as is required under the Rehabilitation Act. *See* 29 U.S.C. § 794(b); *Schroeder*, 927 F.2d at 962. Brewer cannot proceed against any of the individual defendants in their personal capacities because the Act authorizes suits only against public entities. *See* 29 U.S.C. §§ 794, 794a; *Grzan v. Charter Hosp. of Northwest Ind.*, 104 F.3d 116, 119-20 (7th Cir. 1997).

Finally, the Board has offered all of the relief the courts could provide for Brewer, and, as a *pro se* litigant, she cannot represent other bar applicants in this appeal. *See Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) (per curiam); *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003). She insists that her injury is "capable of repetition, yet evading review," but we disagree because she has made no showing that the Board is

likely to renege on its promise to her.  *See Wernsing v. Thompson*, 423 F.3d 732, 745 (7th Cir. 2005); *In re Estab't Inspection of Caterpillar Inc.*, 55 F.3d 334, 337 (7th Cir. 1995).

AFFIRMED.