An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1040
NORTH CAROLINA COURT OF APPEALS

Filed:  5 August 2014

AMANDA HOLT BROOKS,
     Plaintiff,

v.                                  Harnett County
                                    No. 13 CVS 25

TIMOTHY EARL MARTIN and
HARNETT COUNTY,
     Defendants.


Appeal by plaintiff from judgment entered 14 May 2013 by Judge Douglas B. Sasser in Harnett County Superior Court.  Heard in the Court of Appeals 6 March 2014.

> *Doster, Post, Silverman, Foushee & Post, P.A., by Norman C. Post, Jr., for plaintiff-appellant.*

> *Teague, Campbell, Dennis & Gorham, L.L.P., by Bryan T. Simpson and Natalia K. Isenberg, for defendants-appellees.*


DAVIS, Judge.


Amanda Holt Brooks ("Plaintiff") appeals from an order (1) granting the motion to dismiss of Timothy Earl Martin ("Deputy Martin") and Harnett County (collectively "Defendants") pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure

based on governmental immunity[1]; and (2) denying her motion for leave to amend her complaint. On appeal, she argues that the trial court abused its discretion by denying her leave to amend her complaint as the proposed amendment would have been sufficient to overcome the governmental immunity defense and state a valid claim against Deputy Martin in his individual capacity. After careful review, we affirm.

### Factual Background

We have summarized the pertinent facts below using Plaintiff's own statements from her complaint, which we treat as true in reviewing the trial court's order dismissing her complaint under Rule 12(b)(6). *See, e.g.*, *Stein v. Asheville City Bd. of Educ.*, 360 N.C. 321, 325, 626 S.E.2d 263, 266 (2006) ("When reviewing a complaint dismissed under Rule 12(b)(6), we treat a plaintiff's factual allegations as true.").

On 29 January 2010, Plaintiff was driving her 2006 Ford automobile in Lillington, North Carolina. Plaintiff was stopped at a red light at the intersection of U.S. Highway 421 and Main

---

[1] We note that the trial court's order incorrectly refers to the immunity at issue in this case as sovereign immunity rather than governmental immunity. When a county or county agency is the named defendant, the immunity is appropriately identified as *governmental* immunity. Conversely, the doctrine of *sovereign* immunity applies when suit is brought against the State or one of its agencies. However, the distinction is not outcome determinative. *See Craig ex rel. Craig v. New Hanover Cty. Bd. of Educ.*, 363 N.C. 334, 336, 678 S.E.2d 351, 353 (2009); *Meyer v. Walls*, 347 N.C. 97, 104, 489 S.E.2d 880, 884 (1997).

Street when Deputy Martin, a deputy sheriff employed by the Harnett County Sheriff's Office, negligently collided into the rear of Plaintiff's stopped vehicle while driving his marked law enforcement vehicle. As a result of the collision, Plaintiff sustained serious bodily injury.

On 8 January 2013, Plaintiff filed a personal injury action against Defendants in Harnett County Superior Court. On 7 February 2013, Defendants filed a joint answer containing a motion to dismiss pursuant to Rule 12(b)(6). On 15 February 2013, Plaintiff filed a motion for leave to amend her complaint. The proposed amendment sought to add — among other things — an allegation that Harnett County had waived its governmental immunity through the purchase of liability insurance and an allegation making clear that Deputy Martin was being sued not only in his official capacity but also in his individual capacity.

On 8 April 2013, the motion to dismiss was heard by the Honorable Douglas B. Sasser. On 14 May 2013, Judge Sasser entered an order granting Defendants' motion to dismiss with prejudice and denying Plaintiff's motion for leave to amend her complaint. Plaintiff filed a timely notice of appeal to this Court.

**Analysis**

**I.   Claim Against Harnett County**

It is well settled that counties are protected by "governmental immunity when engaging in activity that is clearly governmental in nature and not proprietary. One cannot recover for personal injury against a government entity for negligent acts of agents or servants while they are engaged in government functions. However, the county may waive its governmental immunity by purchasing liability insurance for specific claim amounts or certain actions." *Wright v. Gaston Cty.*, 205 N.C. App. 600, 603-04, 698 S.E.2d 83, 87 (2010) (internal citation and brackets omitted).

A waiver of governmental immunity must be expressly pled in the complaint. *See Clark v. Burke Cty.*, 117 N.C. App. 85, 88, 450 S.E.2d 747, 748 (1994) ("When suing a county or its officers, agents or employees, the complainant must allege this waiver in order to recover. . . . [A]bsent an allegation to the effect that immunity has been waived, the complaint fails to state a cause of action.").

As Plaintiff acknowledges, her original complaint fails to allege a waiver of Harnett County's governmental immunity. However, the amended complaint she sought leave to file contained allegations that Harnett County had, in fact, waived its governmental immunity through the purchase of liability insurance. Therefore, the question of whether Plaintiff's claim against Harnett County was properly dismissed hinges on whether

the trial court abused its discretion in denying her motion to amend.

> A motion to amend is left to the sound discretion of the trial court, and a denial of such motion is reviewable only upon a clear showing of abuse of discretion. The trial court's ruling is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision.

*Brown v. N.C. DMV*, 155 N.C. App. 436, 438-39, 573 S.E.2d 246, 248 (2002) (internal citations and quotation marks omitted), *disc. review denied*, 357 N.C. 62, 579 S.E.2d 271 (2003).

We addressed a similar issue in *Gunter v. Anders*, 115 N.C. App. 331, 444 S.E.2d 685 (1994), *disc. review denied*, 339 N.C. 611, 454 S.E.2d 250 (1995). In *Gunter*, a high school student was struck by an automobile and suffered severe injuries while crossing a driveway on school grounds. A negligence action was brought against a number of defendants, including several school employees and the Surry County Board of Education ("the Board"). *Id*. at 332-33, 444 S.E.2d 686-87. The school defendants filed a Rule 12(b)(6) motion to dismiss on the ground that the plaintiffs had failed to allege in their complaint a waiver of the Board's governmental immunity through the purchase of liability insurance. *Id*. The plaintiffs sought leave to amend their complaint to allege such a waiver. *Id*. at 333-34, 444

S.E.2d 687. The trial court denied the plaintiffs' motion and granted the motion to dismiss. *Id*.

On appeal, the plaintiffs contended that the trial court's ruling was erroneous, arguing that delay by itself is an insufficient basis to justify the denial of a motion to amend and that the proposed amendment would have resulted in no prejudice to the defendants, merely curing a "technical defect." On appeal, we affirmed the trial court's ruling, holding that the plaintiffs had failed to show an abuse of discretion. *Id*. at 333-34, 444 S.E.2d at 687-88.

We likewise hold in the present case that the trial court did not abuse its discretion in denying Plaintiff's motion. The accident giving rise to this action took place on 29 January 2010. Plaintiff's complaint was filed on 8 January 2013. Therefore, Plaintiff had almost three years to investigate the factual and legal basis for filing a negligence action against Defendants. Moreover, after filing suit on 8 January 2013, Plaintiff then had an additional 21 days to cure any defects in her complaint by filing an amendment to her complaint prior to the expiration of the applicable three-year statute of limitations set out in N.C. Gen. Stat. § 1-52(16). Because Defendants did not file a responsive pleading until 7 February 2013, Rule 15(a) of the North Carolina Rules of Civil Procedure would have entitled her to file such an amended complaint prior

to the expiration of the limitations period as of right without the need to seek either leave of court or the consent of Defendants. *See* N.C.R. Civ. P. 15(a) ("A party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party.").

Instead, however, Plaintiff waited until 15 February 2013 — 17 days after the expiration of the limitations period — to seek leave of court to amend her complaint. Plaintiff has failed to offer any explanation as to why she was unable to ascertain whether a good faith basis existed for her to allege that Harnett County had waived its immunity through the purchase of liability insurance before the statute of limitations expired.

Under these circumstances, as in *Gunter*, we cannot say that the trial court abused its discretion in denying her leave to amend her complaint to belatedly allege a waiver of Harnett County's governmental immunity. Accordingly, Plaintiff's argument on this issue is overruled.

## II.  Claim Against Deputy Martin

Plaintiff also argues that the trial court erred in dismissing her claim against Deputy Martin, asserting that her complaint should be construed as stating a claim against him in his individual capacity. However, because we conclude that her

complaint stated only a claim against Deputy Martin in his official capacity, we reject Plaintiff's argument.

Plaintiff failed to indicate with specificity in either the caption, prayer for relief, or body of her complaint whether she was suing Deputy Martin in his official or individual capacity. Our Supreme Court has recently held "that when the complaint does not specify the capacity in which a public official is being sued for actions taken in the course and scope of his employment, we will presume that the public official is being sued only in his official capacity." *White v. Trew*, 366 N.C. 360, 360-61, 736 S.E.2d 166, 166-67 (2013).

In *White*, a professor filed a libel action against the head of his department, who had allegedly published false information about him in his annual performance review. *Id*. at 361, 736 S.E.2d at 167. The trial court denied the defendant's motion to dismiss on immunity grounds, and the defendant appealed the trial court's ruling. *Id*. at 362, 736 S.E.2d at 167. On appeal, the plaintiff argued that he had intended to sue the defendant in his individual — rather than his official — capacity. *Id*. at 364, 736 S.E.2d at 169. Our Supreme Court noted that "[t]he caption [of the complaint did] not include the words 'in his official capacity' or 'in his individual capacity,' nor [did] the allegations 'provide further evidence of capacity.'" *Id*. (citation omitted). The Court ruled that

"[b]ecause the indicia of capacity . . . are absent from the caption, allegations, and prayer for relief, we must presume that defendant is being sued in only his official capacity. Consequently, plaintiff's claim is barred by sovereign immunity." *Id.*

The Supreme Court also addressed this issue in *Mullis v. Sechrest*, 347 N.C. 548, 495 S.E.2d 721 (1998):

> It is a simple matter for attorneys to clarify the capacity in which a defendant is being sued. Pleadings should indicate in the caption the capacity in which a plaintiff intends to hold a defendant liable. For example, including the words "in his official capacity" or "in his individual capacity" after a defendant's name obviously clarifies the defendant's status. In addition, the allegations as to the extent of liability claimed should provide further evidence of capacity. Finally, in the prayer for relief, plaintiffs should indicate whether they seek to recover damages from the defendant individually or as an agent of the governmental entity. These simple steps will allow future litigants to avoid problems such as the one presented to us by this appeal.

*Id.* at 554, 495 S.E.2d at 724-25.

In the present case, Plaintiff points to the following italicized language in her complaint in an effort to show that she did, in fact, specify that she was suing Deputy Martin in his individual capacity:

> 6. That at all times relevant herein, Defendant Martin, who was employed and on

> duty with the Harnett County Sheriff's Department, was acting *individually* and for and on behalf of Defendant Harnett County and during the course and scope of his employment/agency relationship with Defendant Harnett County; that all acts of Defendant Martin, negligent or otherwise, are imputed to Defendant Harnett County because of Defendants' agency/employment relationship.

(Emphasis added.)

Based on *White and Mullis*, we believe the brief reference in paragraph 6 to Deputy Martin "acting individually" falls well short of the specificity required to designate that he was being sued in his individual capacity. Despite the insertion of the words "acting individually" in this paragraph of the complaint, the overall tenor of paragraph 6 suggests an official capacity claim premised on the notion that the collision occurred while he was on duty and acting in the course and scope of his employment.

Furthermore, the words "individual capacity" appear nowhere in the complaint and the word "individually" is not used anywhere other than in paragraph 6. Moreover, we note that in addition to the fact that the caption does not explicitly reference an individual capacity claim against Deputy Martin, the prayer for relief likewise contains no express indication that damages are being sought from Deputy Martin in his individual capacity. Accordingly, we conclude that, taken as a

whole, Plaintiff's complaint states a claim against Deputy Martin solely in his official capacity. *See White*, 366 N.C. at 364, 736 S.E.2d at 169 (holding that where lack of clarity exists over capacity in which defendant is being sued, "we must presume that the defendant is being sued only in his official capacity").

It is well settled that an official capacity complaint against an officer is deemed to be a claim against the entity of which the officer is employed. *See Moore v. City of Creedmoor*, 345 N.C. 356, 367, 481 S.E.2d 14, 21 (1997) ("[An] official-capacity claim against [a] public officer is [a] claim against the office held by that person, rather than against the particular individual who occupies that office at the time the claim [arises.]"). Therefore, for the same reasons that governmental immunity bars Plaintiff's claim against Harnett County, her official capacity claim against Deputy Martin is similarly foreclosed.

Plaintiff also claims the trial court abused its discretion in denying her motion for leave to file the proposed amendment to her complaint containing more specific allegations of an individual capacity claim against Deputy Martin. Once again, we disagree.

As discussed above, her motion to amend was filed after the expiration of the statute of limitations. As explained below,

even if the trial court had allowed her amendment containing specific allegations of an individual capacity claim against Deputy Martin, the amendment would not have related back to the date the original complaint was filed and thus would have been time-barred due to the expiration of the three-year limitations period on 29 January 2013.

In *White v. Crisp*, 138 N.C. App. 516, 530 S.E.2d 87 (2000), the plaintiffs sought to amend their personal injury complaint against the defendant after the statute of limitations had expired so as to clarify that the action was being brought against the defendant in his individual, rather than his official, capacity. This Court held that "the amended complaint, which named [the] defendant . . . in his individual capacity, had the effect of adding a new party and [therefore] does not relate back to the filing of the original complaint." *Id*. at 521, 530 S.E.2d at 90. We reasoned that the amended complaint naming the officer in his individual capacity "had the effect of adding a new party" and that Rule 15(c) permitted the relation back only of new *claims* and did not authorize the relation back of a claim being asserted against new *parties*. *Id*. at 520-21, 530 S.E.2d at 89-90. Therefore, the trial court did not abuse its discretion in denying Plaintiff's motion for leave to amend her complaint to state an individual capacity claim against Deputy Martin.

## Conclusion

For the reasons stated above, the trial court's 14 May 2013 order is affirmed.

AFFIRMED.

Judges CALABRIA and STROUD concur.

Report per Rule 30(e).