VIRGINIA SATTERFIELD, BY HER NEXT FRIEND, OLIVIA SATTERFIELD, v. THE McLELLAN STORES COMPANY AND M. B. THOMAS.

(Filed 10 May, 1939.)

1. **Libel and Slander §§ 2, 11—Complaint held not to charge words actionable per se and demurrer should have been sustained in the absence of allegation of special damage.**

    The complaint alleged that defendant's manager spoke of and concerning plaintiff employee words which, under the circumstances, amounted to a charge that plaintiff was untruthful and was an unreliable employee. *Held:* Even conceding that the words were susceptible to the meaning attributed to them in the complaint, they are not actionable *per se,* and defendant's demurrer to the complaint was properly sustained in the absence of allegation of special damage.

2. **Libel and Slander §§ 5, 11; Corporation § 25—Dictation of memorandum by corporate officer to stenographer held not a publication.**

    Plaintiff employee instituted this action for libel, and alleged that the manager of defendant corporation, upon plaintiff's request for a memorandum for the Unemployment Compensation Commission, made a notation on the blank indicating the reason for plaintiff's discharge and that the stenographer in accordance with instructions wrote the word "Misconduct." *Held:* The manager and the stenographer in the performance of the respective acts in the scope of their authority performed but one act for the corporate defendant and therefore there was no publication of the alleged libel, and since the allegations of the complaint itself negate publication, defendant corporation's demurrer to the complaint was properly sustained.

3. **Principal and Agent § 10b—**

    Where the allegations of the complaint show that an alleged wrongful act of an agent was committed solely in his representative capacity and not in his individual capacity, the agent may not be held personally liable.

DEVIN, J., dissents.

APPEAL by defendants from *Harris, J.*, at November Term, 1938, of WAKE.

Civil action for recovery of damages for alleged libel and for alleged slander.

Plaintiff alleges substantially these facts: At intervals during the period of two years, prior to 6 June, 1938, she was employed as sales clerk in the store of defendant, the McLellan Stores Company, a corporation, in the city of Raleigh. Defendant M. B. Thomas was the manager of that store. On 6 June, 1938, while plaintiff was engaged in her usual duties as such sales clerk, and at the request of defendant Thomas, "acting for himself and on behalf of McLellan Stores Company," went "upstairs" where in the presence of W. J. Edwards, assistant manager, and a police officer of the city of Raleigh, Thomas asked her "if she had dated the said Edwards in the store." She replied that she had not, and after some discussion of the matter she was ordered by said Thomas to return to her work, and instructed to say nothing about the conversation that had taken place, and "specifically advised her that if she did so she would lose her employment." She returned as directed and resumed her duties. "Within a few minutes" thereafter plaintiff received message that she was again wanted by the manager, and upon going "upstairs," the manager told her that four girls had stated to him that she had disclosed the subject matter of the conversation just had, and on "her remonstrating as to that, he said: 'When I say anything I mean it . . . you may go to the office and get your money for the day.' "

Plaintiff further alleges: By this last statement M. B. Thomas meant "that the plaintiff had not told him the truth, and that she was untruthful and an unreliable employee, the consequence of which was her discharge from the employment of the said McLellan Stores Company by the said M. B. Thomas, manager thereof"; that the statements were false and slanderous and were given publication by the defendants and for which they are liable to plaintiff.

The plaintiff further alleges that: "9. The plaintiff, on learning that it was necessary for her to have a separation notice in order that it might be filed with the Unemployment Compensation Commission, which was a few days after her discharge, approached the defendant M. B. Thomas, in his capacity as an individual and as manager for the McLellan Stores Company, and requested of him a separation notice, and the said Thomas took the blank notice and indicated thereon that the cause of the separation should be inserted as 'Misconduct' and with the notation to that effect requested her to take the notice to the stenographer employed by the McLellan Stores Company who would fill it out for her; that the stenographer in filling out the separation notice inserted

as a cause of the separation the word 'Misconduct' which was in obedience to the orders given by the said M. B. Thomas, who was acting for himself and in the line of his duty and in the course of his employment for the defendant, the McLellan Stores Company, so that the separation notice read 'Cause of Separation—Code No. 4,' the Code for No. 4 being 'Misconduct,' thereby meaning that the plaintiff had misconducted herself and had made dates with the said Edwards for the purpose of going out at night and engaging in immoral relations and had made false statements to the said Thomas when she stated that she had not repeated the conversation had at the time plaintiff, Thomas, Edwards, and the police officer were present, which words contained in the separation notice were slanderous and libelous and were untrue and were known by the defendants to be untrue, but were inserted falsely and maliciously and published by said defendants."

The defendants demur to the complaint for that it fails to state a cause of action against defendants: (1) For libel in that: (a) the communication is privileged; (b) no facts are alleged to show publication; and (c) the words complained of are not libelous, or are, at most, ambiguous, with no supporting allegation that any third person understood them as libelous; and, (2) for slander in that: (a) the words alleged to have been spoken by defendant Thomas do not constitute slander *per se,* and (b) there is no allegation that any third person heard the words and understood them to be defamatory.

Upon the hearing the court below entered decree overruling the demurrer.

The defendants appeal to the Supreme Court, and assign error.

*Little & Wilson for plaintiff, appellee.*
*Shepherd & Shepherd for defendants, appellants.*

WINBORNE, J. Does the complaint in this action state facts sufficient to constitute a cause of action, either for slander or for libel? The answer is "No."

1. The allegation of slander is based upon this language used by the defendant Thomas: "When I say anything I mean it . . . you may go to the office and get your money for the day." If it be conceded that these words are susceptible of the meaning attributed to them as alleged in the complaint, no actionable wrong was committed. "The use of mere abusive epithets by defendant, and by him spoken of, or to the plaintiff, is not actionable." *Idol v. Jones,* 13 N. C., 162; *Ringgold v. Land,* 212 N. C., 369, 193 S. E., 267.

2. It is an elementary principle of law that there can be no libel without a publication of the defamatory matter. "To constitute a publi-

cation, such as will give rise to a civil action, there must be a communication of the defamatory matter to some third person or persons." *McKeel v. Latham,* 202 N. C., 318, 162 S. E., 747. In that case it was held that, without regard to the character of the language used, whether libelous or not, the sending of an uncovered post card through the United States mail addressed to plaintiff, is not a publication of the matter contained on the card.

In *Owen v. Ogilvie Pub. Co.,* 32 Appel. Div., 465, 53 N. Y. Sup., 1033, the factual situation is almost on all-fours with the present case. The headnote, epitomizing the decision, reads: "Where the manager of a corporation, in connection with its business, dictated a libelous letter to a stenographer in the corporation's employment, who copied and mailed the same to plaintiff, the dictation, copying, and mailing constituted but a single act of the corporation and did not amount to a publication of the letter." *Hatch, J.,* speaking to the question, said: "Under such circumstances, we do not think the stenographer is to be regarded as a third person in the sense that either the dictation or the subsequent reading can be regarded as a publication by the corporation. . . . We do not deny that there can be publication of libel by a corporation by reading the libelous matter to a servant of the corporation or delivering it to be read. Where the duties devolving upon such servant are distinct and independent of the process by which the libel was produced, he might well stand in the attitude of a third person by whom a libel can be published. But such rule cannot be applied where the acts of the servant are so intimate as are disclosed in the present record, and the production is the joint act of both." See, also, *Prins v. Mortgage Co.,* ...... Wash., ......, 181 Pac., 680, 5 A. L. R., 451.

In the *Owen case, supra,* the New York Court refers to and takes issue with the contrary view expressed by the Maryland Court in *Gambrill v. Schooley,* 93 Md., 48, 52 L. R. A., 87, 86 Am. St. Rep., 414, 48 Atl., 730.

While there is in this State no decision directly in point, the reasoning in the New York case is consonant with our views.

In the present case, upon the plaintiff requesting a separation notice as required by the Unemployment Compensation Commission, the acts of the manager in designating and indicating what should be inserted in that notice in answer to the question "Cause and separation;" and the act of the stenographer in filling in the answer to the question, were both parts of one act. Each had a duty to perform in connection with the production. Under such circumstances, the stenographer is not a third person within the contemplation of law with respect to publication of a libelous matter.

As in *McKeel v. Latham, supra,* a general allegation of publication concerning the plaintiff might have been sufficient, but the plaintiff has

elected to allege the facts and circumstances upon which she claims the publication was made. These allegations negative publication.

While it is alleged that defendant M. B. Thomas acted individually and in the capacity of agent of defendant, the McLellan Stores Company, the alleged facts surrounding the transaction show that he acted only in representative capacity and not as an individual. See *Strayhorn v. Aycock, ante,* 43, 200 S. E., 912.

Since we have concluded there was no publication of the alleged defamatory matter, within the meaning of the rule relating to such publication, it is unnecessary to consider the questions as to privileged occasion or privileged communication, and as to whether or not the language used be libelous.

The judgment below is
Reversed.

DEVIN, J., dissents.