D.J. TINKHAM, D/B/A TINKHAM CONSTRUCTION COMPANY v. RODAN-
THE P. HALL, INDIVIDUALLY; GREAT AMERICAN INSURANCE COM-
PANY, A CORPORATION; ROY R. BARNES, JR., IN HIS CORPORATE CAPACITY;
DAN PITTMAN, D/B/A DAN PITTMAN INSURANCE AGENCY; AND
ELMO PEELE, INDIVIDUALLY

No. 806DC127

(Filed 15 July 1980)

1. Appeal and Error § 28.1– findings of fact – no exceptions in record – findings
   binding on appeal
   When findings of fact are not challenged by exceptions in the record, they
   are presumed to be supported by competent evidence and are binding on
   appeal.

2. Process §§ 7, 12– process – corporate defendant – deceased individual – leaving
   with individual defendant's sister – insufficiency of service
   Evidence was sufficient to support the trial court's findings that defend-
   ants were not properly served with process where the evidence tended to
   show that: (1) service of process upon the corporate defendant was attempt-
   ed by delivering copies of the summons and complaint to an individual who at
   that time was neither the agent of the corporate defendant nor authorized to
   receive service of process in its behalf; (2) service upon one of the individual
   defendants was attempted by delivering copies of the summons and com-
   plaint to his sister who neither resided with him nor was present in his home
   when the papers were delivered to her; and (3) one of the individual defend-
   ants upon whom service was attempted had been deceased since 1965; his
   estate had been settled for many years; and service was attempted by
   delivery of summons and complaint to an individual who was not the person-
   al representative of the estate of the deceased.

3. Principal and Agent § 11– person sued in representative capacity – no claim
   stated against individual
   Because the complaint in this action stated a claim against an individual
   defendant solely in his representative capacity, it could not state a claim for
   which relief could be granted against him personally as well.

APPEAL by plaintiff from *Long, Judge.* Orders entered 13 November and 15 November 1979 in District Court, HERTFORD County. Heard in the Court of Appeals 9 June 1980.

Plaintiff commenced this civil action against the multiple defendants on 31 October 1978, alleging indebtedness on a delinquent open account, breach of contract, and fraud arising out of construction repairs and services rendered by plaintiff to defendant Rodanthe Hall. Partial default judgment was eventually entered against defendant Hall; she is not, however, a party to this appeal. On 5 December 1978 defendants Great American Insurance Company, Roy R. Barnes, Jr., and Dan Pittman, d/b/a Dan Pittman Insurance Agency, moved to dismiss the action for lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process. Defendant Elmo Peele moved to dismiss for failure to state a claim against him for which relief can be granted. On the basis of affidavits, other evidence, and arguments of counsel, Judge Long granted these motions and entered an order of dismissal as to these defendants on 13 November 1979. Plaintiff then filed a motion requesting a reasonable period of time in which to refile his action against these defendants. On 15 November 1979 the judge denied plaintiff's motion. Plaintiff appeals.

*Rosbon D.B. Whedbee for plaintiff appellant.*

*Leroy, Wells, Shaw, Hornthal, Riley & Shearin, by L.P. Hornthal, Jr., for defendant appellees.*

MARTIN (Harry C.), Judge.

[1] In its order of dismissal dated 13 November 1979, the court made findings of fact upon which it based its conclusion of law that attempted service of process upon the defendants Great American Insurance Company, Roy Barnes, and Dan Pittman was insufficient and defective, that the court did not have personal jurisdiction over those defendants, and that plaintiff's complaint failed to state a claim for which relief could be granted against the defendant Elmo Peele. Plaintiff made no exceptions to any of these findings of fact. When findings of fact are not challenged by exceptions in the record, they are pre-

sumed to be supported by competent evidence and are binding on appeal. *Phillips v. Alston*, 257 N.C. 255, 125 S.E. 2d 580 (1962); *Jackson v. Collins*, 9 N.C. App. 548, 176 S.E. 2d 878 (1970).

[2]   Plaintiff did appeal this order of dismissal and, without an exception to the findings of fact or to the evidence, presents for appellate review only the question whether the facts found support the order. *Hinson v. Jefferson*, 287 N.C. 422, 215 S.E. 2d 102 (1975). In this case, unquestionably the facts found support the order of dismissal.

The court found that as to defendant Great American Insurance Company, the record shows that service of process upon it was attempted by delivering copies of the summons and complaint to Roy Barnes, "who at that time was neither the agent of the defendant Great American nor authorized to receive service of process in its behalf." Clearly, this attempted service failed to comply with N.C.G.S. 1A-1, Rule 4(j)(6). *Simms v. Stores, Inc.*, 285 N.C. 145, 203 S.E. 2d 769 (1974). The defendant corporation was not effectively served with process.

The court found that service upon Roy Barnes was attempted by delivering copies of the summons and complaint to his sister, "who neither resides at the dwelling house of the defendant Barnes nor was present therein when such papers were delivered to her." N.C.G.S. 1A-1, Rule 4(j)(1)(a), which prescribes one of the methods of service of process required to exercise personal jurisdiction over a natural person, was not followed in this case. The court, therefore, correctly concluded that the service was defective and insufficient to obtain personal jurisdiction over Barnes. *See Guthrie v. Ray*, 293 N.C. 67, 235 S.E. 2d 146 (1977); *Williams v. Hartis*, 18 N.C. App. 89, 195 S.E. 2d 806 (1973).

As to the defendant Dan Pittman, the court found as a fact that he had been deceased since 1965 and his estate had been settled "many years prior to 1976." Furthermore, service upon Mr. Pittman had been attempted by delivery of the summons and complaint to Elmo Peele, "who is not contended to be the personal representative of the estate of the defendant Pittman." Under N.C.G.S. 28A-18-1 and 28A-18-3, only the personal

representative of Mr. Pittman could have had this action brought against him.

**[3]** The court also made the finding that plaintiff's counsel "conceded in open court that no personal claim was being made against the defendant Elmo Peele, but that the Complaint stated a claim against him solely in his representative capacity as agent of the Dan Pittman Insurance Agency." Based on this finding, the court concluded that the complaint failed to state a claim against Peele for which relief could be granted. This conclusion of law was not erroneous. Because the complaint stated a claim against Peele solely in his representative capacity, it could not state a claim for which relief could be granted against him personally as well. *Satterfield v. McLellan Stores*, 215 N.C. 582, 2 S.E. 2d 709 (1939).

We hold the order of dismissal is supported by the facts found by the trial court. Furthermore, we find no merit in plaintiff's contentions that defendants waived their defenses of insufficiency of service of process and jurisdiction by dilatory action. Defendants filed their motion to dismiss on 5 December 1978 in response to plaintiff's complaint, filed 31 October 1978. The motion specifically stated the grounds for dismissal as lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process. Moreover, plaintiff's argument that Barnes had "actual notice" of the pending action cannot be sustained. *Distributors v. McAndrews*, 270 N.C. 91, 153 S.E. 2d 770 (1967); *Stone v. Hicks*, 45 N.C. App. 66, 262 S.E. 2d 318 (1980).

Plaintiff's other assignment of error is that the court committed a prejudicial abuse of discretion in denying plaintiff's timely motion under N.C.G.S. 1A-1, Rule 41(b), for a reasonable extension of time in which to refile this action and to obtain new service upon defendants. Plaintiff recognizes that this motion was addressed to the sound discretion of the court and will not be disturbed absent a showing of abuse of that discretion. The more precise test is whether there has been a clear abuse of discretion, *Welch v. Kearns*, 261 N.C. 171, 134 S.E. 2d 155 (1964), but in this case no abuse has been shown.

The orders of the trial court are

Affirmed.

Judges HEDRICK and MARTIN (Robert M.) concur.