MARK W. WHITE, Plaintiff v. ROBERT J. TREW, Defendant

No. COA11-337

(Filed 20 December 2011)

**1. Appeal and Error—interlocutory orders and appeals—sovereign immunity—substantial right**

An appeal from the denial of a motion to dismiss based on sovereign immunity was from an interlocutory order but affected a substantial right and was immediately appealable.

**2. Libel and Slander—university annual review—individual capacity—maliciousness**

The trial court properly denied a motion to dismiss a libel claim arising from an annual review by a professor at a state university where defendant raised sovereign immunity. Plaintiff's complaint made clear that he sought compensation from defendant, not the university, so that plaintiff was suing defendant in his individual capacity. Although the annual review was written in the course of defendant's official duties, plaintiff alleged maliciousness.

**3. Libel and Slander—university annual review—statutory grievance process**

Plaintiff-professor was not barred from filing a libel suit based on his annual review even though the statutory grievance process had not been concluded. The administrative remedy provided by N.C.G.S. § 126-25 did not bar plaintiff from this libel suit because the relief sought in the suit (compensation) was different from the statutory remedy provided (removal of the information from his file).

**4. Libel and Slander—university annual review—internal circulation—publication**

The trial court did not err by denying defendant's motion to dismiss a libel action where plaintiff was a university professor, defendant was the department head, and plaintiff filed the action over an annual review. There was a publication in that the review was shown to the Dean and to in-house counsel, who were distinct and independent of the process by which the statements were produced.

Appeal by defendant from order entered 22 December 2010 by Judge W. Osmond Smith III in Wake County Superior Court. Heard in the Court of Appeals 13 September 2011.

*Stevens Martin Vaughn & Tadych, PLLC, by C. Amanda Martin, and Everett Gaskins Hancock LLP, by James M. Hash, for plaintiff.*

*Attorney General Roy Cooper, by Assistant Attorney General Brian R. Berman, for defendant.*

ELMORE, Judge.

On 14 November 2007, Mark W. White (plaintiff) filed a libel suit against Robert J. Trew (defendant) alleging that defendant had published factually false and inaccurate information about plaintiff in plaintiff's "annual review." Defendant filed a motion to dismiss the complaint, which was denied on 22 December 2010. Defendant appeals, alleging that sovereign immunity shields him from personal liability and that a required element of the libel claim has not been met. After careful consideration, we affirm the decision of the trial court.

## I. Background

Plaintiff was a tenured associate professor in the Department of Electrical and Computer Engineering at North Carolina State University (NCSU). Defendant is a tenured full professor in the same department and, during the time period relevant to this case, served as the department head.

During his time as department head, defendant wrote an "annual review" of plaintiff. In this review, defendant stated that plaintiff was not meeting the expectations of the department and provided accounts of instances that led defendant to this conclusion. Defendant then passed the annual review on to the Dean of Engineering and in-house counsel at NCSU. Plaintiff objected to sev-

eral of these accounts, alleging that they were inaccurate. Plaintiff sent a "rebuttal letter" to defendant that addressed these alleged falsities. Defendant received this letter, read it, but did nothing to amend the review.

This annual review serves as a job evaluation and, as such, is part of plaintiff's personnel file at NCSU. When defendant took no action in response to the alleged inaccuracies, plaintiff filed a grievance petition with the NCSU grievance committee on 14 November 2007. Plaintiff later filed this libel suit on 11 September 2008.

## II. Interlocutory Appeal

[1] Defendant appeals the trial court's denial of his motion to dismiss, which is itself an interlocutory order. "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) (citation omitted). Such orders are normally not immediately appealable, but a party may appeal an interlocutory order that "affects some substantial right claimed by the appellant and will work an injury to him if not corrected before an appeal from the final judgment." *Dep't of Transp. v. Rowe*, 351 N.C. 172, 174–75, 521 S.E.2d 707, 709 (1999) (quotations and citations omitted). "[T]his Court has repeatedly held that appeals raising issues of governmental or sovereign immunity affect a substantial right sufficient to warrant immediate appellate review." *Price v. Davis*, 132 N.C. App. 556, 558-59, 512 S.E.2d 783, 785 (1999) (citations omitted); *see also Anderson v. Town of Andrews*, 127 N.C. App. 599, 601, 492 S.E.2d 385, 386 (1997) (holding that an appeal from the denial of a 12(b)(6) motion to dismiss affected a substantial right because the defendant raised the defense of sovereign immunity). Because defendant is attempting to appeal a motion to dismiss based on sovereign immunity, defendant's appeal affects a substantial right and is therefore immediately appealable. Accordingly, we review it.

## III. Arguments

Defendant presents three arguments on appeal. First, defendant argues that his actions were covered by sovereign immunity because they were performed in his official capacity as an employee of the State of North Carolina. Second, defendant argues that this suit should be barred because plaintiff failed to fully exhaust the administrative remedy available to him under N.C. Gen. Stat. § 126-25. Finally, defendant argues that plaintiff cannot prove a required ele-

ment of his libel claim, publication, because communication among employees and agents of an employer is not "publication" for the purposes of defamation. As to each of defendant's arguments, we disagree.

## A. Dismissal Based on Sovereign Immunity

[2] Defendant argues that the suit was filed against defendant in his official capacity, not in his individual capacity, and thus, because sovereign immunity bars intentional tort claims brought against the State and its employees in their official capacities, sovereign immunity bars this claim. We reject this argument.

We review the trial court's denial of defendant's motion to dismiss *de novo. Transportation Services of N.C., Inc. v. Wake Cnty. Bd. Educ.*, 198 N.C. App. 590, 593, 680 S.E.2d 223, 225 (2009).

Determining whether a plaintiff sued a defendant in his official or individual capacity is of prime importance in a libel suit against a public employee because

> [s]uits against the State, its agencies and its officers for alleged tortious acts can be maintained only to the extent authorized by the Tort Claims Act, and that Act authorizes recovery only for negligent torts. Intentional torts committed by agents and officers of the State are not compensable under the Tort Claims Act.

*Kawai Am. Corp. v. University of N.C. at Chapel Hill*, 152 N.C. App. 163, 166, 567 S.E.2d 215, 217 (2002) (quotations and citations omitted). Libel is an intentional tort. *Stanback v. Westchester Fire Ins. Co.*, 68 N.C. App. 107, 115, 314 S.E.2d 775, 779 (1984). If a defendant is sued in his official capacity, the State is the actual party being sued and sovereign immunity bars the claim.

Sovereign immunity does shield public employees from most activities undertaken in their official capacities because those employees are seen as agents of the State, but such immunity only extends so far. Public employees "remain *personally* liable for any actions which may have been corrupt, malicious or perpetrated outside and beyond the scope of official duties." *Locus v. Fayetteville State University*, 102 N.C. App. 522, 526, 402 S.E.2d 862, 865 (1991). A public employee who acts in this way is no longer acting as an agent of the State and, therefore, is no longer protected by sovereign immunity. *Id.* He may be sued for such conduct in his individual capacity. *Id.*

Defendant alleges that the complaint filed by plaintiff can only be read to sue defendant in his official capacity, which if true, would make the State the actual party to the suit. Sovereign immunity would then apply and the suit would be barred. Defendant argues that this is the case because (1) plaintiff failed to clearly indicate in his complaint whether he was suing defendant in an official or individual capacity and (2) plaintiff must be suing defendant in his official capacity because all of defendant's actions took place during his official duties.

When a complaint against a public official does not clearly indicate what capacity the defendant is being sued in, the complaint may be treated as a suit against a defendant solely in his official capacity. *E.g.*, *Johnson v. York*, 134 N.C. App. 332, 337, 517 S.E.2d 670, 673 (1999). Here, plaintiff's intent to sue defendant in his individual capacity is clear from the pleadings.

The phrase "individual capacity" need not appear in a complaint in order for an action to be brought against a public employee in his individual capacity. *See, e.g.*, *Epps v. Duke University*, 116 N.C. App. 305, 310, 447 S.E.2d 444, 448 (1994) (the plaintiffs made "no distinction" in their complaint against a medical examiner as to the capacity in which they intended to sue him, so the court examined the allegations of the complaint and determined that the plaintiffs intended to sue the defendant in his individual capacity only). Instead:

> The crucial question for determining whether a defendant is sued in an individual or official capacity is the nature of the relief sought, not the nature of the act or omission alleged. If the plaintiff seeks an injunction requiring the defendant to take an action involving the exercise of a governmental power, the defendant is named in an official capacity. If money damages are sought, the court must ascertain whether the complaint indicates that the damages are sought from the government or from the pocket of the individual defendant. If the former, it is an official-capacity claim; if the latter, it is an individual-capacity claim; and if it is both, then the claims proceed in both capacities.

*Meyer v. Walls*, 347 N.C. 97, 110, 489 S.E.2d 880, 887 (1997) (quotations and citations omitted).

Plaintiff, in his complaint, makes it clear that he seeks monetary compensation not from NCSU, but from defendant himself. Plaintiff repeatedly seeks to "have and recover from Dr. Trew damages for reputational harm" that defendant's alleged actions caused. Accordingly,

we conclude that plaintiff sought to sue defendant in his individual capacity and drafted the complaint in such a way that clearly indicated this intent to sue defendant in his individual capacity.

Defendant further argues that, regardless of plaintiff's intent, all of plaintiff's allegations involve actions directly related to defendant's official duties. Defendant argues that the action involved—the writing of an annual review of an employee—is an action that can only be performed in one's official capacity and, therefore, defendant can only be sued in his official capacity for any tortious conduct that may have occurred as part of that review process. This is not the case.

Public officials are only protected from liability when they act without "malice or corruption." *Smith v. State*, 289 N.C. 303, 331, 222 S.E.2d 412, 430 (1976). If they act maliciously or beyond the scope of their official duties, they may be sued in their individual capacities for such actions. *Thompson v. Town of Dallas*, 142 N.C. App. 651, 656, 543 S.E.2d 901, 905 (2001).

Plaintiff alleges that defendant acted maliciously when defendant wrote the annual review. Even if the writing of a review is an activity defendant could have only carried out in his official capacity, because plaintiff alleges that defendant carried out this activity maliciously, defendant is not protected by sovereign immunity and plaintiff properly sued him individually.

Whether defendant acted with malice is an area of dispute between the parties, but, because this is an interlocutory appeal and we are at an early stage of the proceedings, we need not decide whether defendant did, in fact, act with malice. We need only decide whether the motion to deny was properly granted based on the pleadings, and we conclude that it was.

## B. Dismissal Based on Plaintiff's Election of Remedies

[3] Defendant next argues that the trial court erred by denying defendant's motion to dismiss because plaintiff elected to pursue the remedy available to him under N.C. Gen. Stat. § 126-25 by filing a grievance with the NCSU grievance committee. Because plaintiff has not exhausted this administrative remedy, defendant argues that plaintiff is barred from bringing this suit.

Section 126-25 allows any government employee to seek the removal of information he objects to from his personnel file by following the grievance procedure of the department in which he is employed. N.C. Gen. Stat. § 126-25 (2009). If an employee is dissatis-

fied with how his individual department handles the matter, he may appeal the decision to the State Personnel Commission. *Id.* The only remedy made available under this statute is the removal and destruction of such material. *Id.* Plaintiff filed such a petition with the NCSU grievance committee on 14 November 2007. He filed this suit on 11 September 2008; at that point in time, the grievance process had not been concluded.

"[W]hen an *effective* administrative remedy exists, that remedy is exclusive." *Johnson v. First Union Corp.*, 128 N.C. App. 450, 456, 496 S.E.2d 1, 5 (1998) (quotations and citation omitted; alteration in original). Thus, administrative "relief must be exhausted before recourse may be had [in] the courts." *Presnell v. Pell*, 298 N.C. 715, 721, 260 S.E.2d 611, 615 (1979) (citations omitted). "However, when the relief sought differs from the statutory remedy provided, the administrative remedy will not bar a claimant from pursuing an adequate remedy in civil court." *Johnson*, 128 N.C. App. at 456, 496 S.E.2d at 5. Section 126-25 does not provide a remedy for damage caused by the objected-to information placed in a personnel file. N.C. Gen. Stat. § 126-25 (2009).

In this case, plaintiff seeks compensation from defendant for damage caused by defendant's alleged false statements. Plaintiff's complaint does not ask to have the information removed from his file. The relief plaintiff seeks is different from the statutory remedy provided, so the administrative remedy provided by section 126-25 does not bar plaintiff from pursuing this libel suit.

## C. Dismissal Based on Lack of Publication

[4] Defendant last argues that the trial court should have granted his motion to dismiss because statements made in communications among employees and agents of an employer are not "published" for the purposes of defamation. He asserts that, because the annual review was only made available to faculty and administrators of NCSU, it was not published.

"There is no basis for an action for libel unless there is a publication of the defamatory matter to a person or persons other than the defamed person." *Arnold v. Sharpe*, 296 N.C. 533, 539, 251 S.E.2d 452, 456 (1979). To be published, the defamatory material must be "communicated to and understood by a third person." *West v. King's Dep't Store, Inc.*, 321 N.C. 698, 703, 365 S.E.2d 621, 624 (1988) (citation omitted). Defendant argues that, in an employment context, agents and employees of a single employer are not considered third persons to the employer or to each other. Defendant cites to *Satterfield v.*

*McLellan Stores*, 215 N.C. 582, 2 S.E.2d 709 (1939), as authority for this position. In *Satterfield*, a manager wrote a note to a stenographer to fill out a separation notice for the plaintiff based on the plaintiff's alleged misconduct. *Id.* at 583-84, 2 S.E.2d at 710. The plaintiff's theory was that the note was published to a third person when it was given to the stenographer. *Id.* at 584, 2 S.E.2d at 710. The Supreme Court held that "the stenographer [was] not a third person within the contemplation of law with respect to publication of a libelous matter." *Id.* at 585, 2 S.E.2d at 711.

Defendant argues that this holding should be read to say that employees of the same employer can never be third persons to statements made by other employees. That is not how we interpret this holding. Our Supreme Court, in deciding *Satterfield*, cited to a New York case when making its decision. That case, *Owen v. Ogilvie Publishing Co.*, involved almost the exact same fact pattern. *Id.* (citing *Owen v. Ogilvie Publ'g Co.*, 35 N.Y.S. 1033 (1898)). A manager dictated a libelous letter to a stenographer who then sent it to the plaintiff, and the court held that the stenographer did not qualify as a third person for purposes of publication because "[t]he manager could not write and publish a libel alone." *Id.* at 467 (citing *Owen*, 35 N.Y.S. at 1034). In making this decision, the New York court stated:

> We do not deny but that there can be publication of a libel by a corporation by reading the libelous matter to a servant of such corporation, or delivering it to be read. Where the duties devolved upon such servant are distinct and independent of the process by which the libel was produced, he might well stand in the attitude of a third person through whom a libel can be published. But such rule may not be applied where the acts of the servants are so intimately related to each other as is disclosed in the present record, and the production is the joint act of both.

*Id.* at 467 (citing *Owen*, 35 N.Y.S. at 1034-35). Our Supreme Court recited this language in its opinion, and then concluded, "the reasoning in the New York case is consonant with our views." *Satterfield*, 215 N.C. at 582, 2 S.E.2d at 711. Given this language, we decline to interpret the holding as broadly as defendant wishes us to. Instead, we read the holding to say that intra-office communications can be published in terms of defamation if the individual who reads the communications is independent of the process by which the communications were produced.

DAVIS v. CUMBERLAND CNTY. BD. OF EDUC.

[217 N.C. App. 582 (2011)]

Here, defendant produced the annual review on his own. He did not use the services of the Dean of Engineering or in-house counsel in drafting the review. Those parties only became involved after the review had been finished. Following the language endorsed by *Satterfield*, they were "distinct and independent of the process by which the statements were produced." As a result, we hold that giving the review to the Dean and the staff of the office of general counsel constitutes publication for the purposes of libel.

## IV. Conclusion

We hold that the trial court did not err by denying defendant's motion to dismiss.

Affirmed.

Judges MCGEE and HUNTER, JR., Robert N., concur.