MARK W. WHITE v. ROBERT J. TREW

No. 33PA12

(Filed 25 January 2013)

**Immunity — sovereign immunity — libel — ambiguous complaint — suit in official or individual capacity**

      The trial court erred in a libel action by denying defendant's motion to dismiss plaintiff's claim because the complaint indicated that plaintiff filed suit against defendant in his official, rather than individual capacity, and thus, sovereign immunity barred plaintiff's claim. When a complaint does not specify the capacity in which a public official is being sued for actions taken in the course and scope of his employment, the court will presume that the public official is being sued only in his official capacity.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 720 S.E.2d 713 (2011), affirming an order denying defendant's motion to dismiss entered on 22 December 2010 by Judge W. Osmond Smith, III in Superior Court, Wake County. Heard in the Supreme Court on 16 October 2012.

      *Stevens Martin Vaughn & Tadych, PLLC, by C. Amanda Martin; and Everett Gaskins Hancock LLP, by James M. Hash, for plaintiff-appellee.*

      *Roy Cooper, Attorney General, by Thomas J. Ziko, Senior Deputy Attorney General, and Brian R. Berman, Assistant Attorney General, for defendant-appellant.*

      *Ogletree, Deakins, Nash, Smoak & Stewart, P.C., by C. Matthew Keen, for North Carolina Associated Industries, Inc., amicus curiae.*

JACKSON, Justice.

In this appeal we consider whether sovereign immunity bars a libel suit by a tenured public university professor against his department head for an unfavorable annual review when the complaint does not specify whether the department head is being sued in his official or individual capacity. We hold that when the complaint does not specify the capacity in which a public official is being sued for actions taken in the course and scope of his employment, we will presume that the public official is being sued only in his official capacity. Accordingly, we reverse the decision of the Court of Appeals.

During the 2006-2007 academic year, defendant Robert J. Trew was head of the Department of Electrical and Computer Engineering at North Carolina State University ("N.C. State"). Plaintiff Mark W. White was a tenured associate professor in the department. At that time N.C. State required that every faculty member receive an annual review. N.C. State, Reg. 05.20.3(1) (2005). Specifically, the University's regulation stated: "It is the responsibility of each department head to review the performance of each faculty member and to keep the appropriate dean apprised of the status of the reviews." *Id.* The regulation further provided that when writing the annual review, the department head "may consult with the tenured faculty of the department and may seek such other advice as the department head deems appropriate in the conduct of the review." *Id.* 05.20.3(2.3) (2005). The regulation also stated: "The department head will provide a written summary of the review and the faculty member may provide a written response.

The written summary and any response will become part of the personnel file." *Id.* 05.20.3(2.4) (2005). Once it became part of the personnel file, this information was "open for inspection and examination" by "any individual in the chain of administrative authority above" the faculty member. 25 NCAC 1C .0304(d) (June 2008); *see also* N.C.G.S. § 126-24 (2011).

In accordance with N.C. State's regulations, defendant, in his role as department head, wrote an annual review of plaintiff for the 2006-2007 academic year. In the annual review defendant concluded that plaintiff did not meet the department's expectations and had "engaged in extremely disruptive behavior and conduct." Defendant also listed "[s]pecific instances of unprofessional behavior" by plaintiff. Defendant shared the annual review with College of Engineering Dean Louis Martin-Vega and N.C. State's in-house counsel.

On 17 September 2007, plaintiff received a copy of the annual review. In response, plaintiff sent a "rebuttal letter" to Dean Martin-Vega, demanding that the dean correct alleged "falsities" in the annual review. Dean Martin-Vega took no action. As a result, on 14 November 2007, plaintiff filed a university grievance petition pursuant to section 126-25 of the North Carolina General Statutes, alleging that defendant had made "highly inaccurate and misleading" statements in the annual review and demanding that the review be corrected or removed from plaintiff's personnel file.

Subsequently, on 11 September 2008, while the grievance process was on hold, plaintiff filed a complaint in Superior Court, Wake County, alleging that the annual review "contained numerous false and defamatory statements." Plaintiff alleged that these "statements ha[d] been published and made available to faculty and administrators at NCSU." Plaintiff further alleged that "defendant's false accusations about the plaintiff . . . were willful, unjustified and malicious, and were motivated by personal hatred, spite or ill-will vis-à-vis the plaintiff." On 13 October 2008, defendant filed an answer and motion to dismiss pursuant to various provisions of Rule 12(b) of the North Carolina Rules of Civil Procedure. Defendant denied the material allegations of the complaint and asserted a number of defenses, including qualified privilege and sovereign immunity. After a hearing the trial court denied defendant's motion to dismiss on 22 December 2010.

Defendant appealed to the Court of Appeals, which unanimously affirmed the trial court's order denying defendant's motion to dismiss. *White v. Trew*, __ N.C. App. __, __, 720 S.E.2d 713, 720 (2011). The court concluded that sovereign immunity did not bar plaintiff's claim because "plaintiff sought to sue defendant in his individual capacity and drafted the complaint in such a way that clearly indicated this intent." *Id.* at __, 720 S.E.2d at 718. The court also held that "giving the review to the Dean and the staff of the office of general counsel constitute[d] publication for the purposes of libel." *Id.* at __, 720 S.E.2d at 720. We allowed defendant's petition for discretionary review.

Defendant argues that the trial court erred by denying his motion to dismiss because the complaint indicates that plaintiff filed suit against defendant in his official, rather than individual, capacity, and thus, sovereign immunity bars plaintiff's claim. Previously we have not set forth the appropriate standard of review for a trial court's denial of a motion to dismiss that raises sovereign immunity as grounds for dismissal; however, we have reviewed de novo a trial court's denial of other Rule 12 motions to dismiss that also were immediately appealable. *See Harris v. Matthews*, 361 N.C. 265, 271, 643 S.E.2d 566, 570 (2007). Moreover, although not explicitly stated previously, it is apparent that we have employed a de novo standard of review in other cases involving sovereign immunity. *See, e.g., Meyer v. Walls*, 347 N.C. 97, 104-14, 489 S.E.2d 880, 883-90 (1997); *Harwood v. Johnson*, 326 N.C. 231, 237-38, 388 S.E.2d 439, 442-43 (1990). Therefore, we review the trial court's denial of defendant's motion to dismiss de novo.

It is well settled that pursuant to "the doctrine of sovereign immunity, the State is immune from suit absent waiver of immunity." *Meyer*, 347 N.C. at 104, 489 S.E.2d at 884. The North Carolina Torts Claims Act provides a limited waiver of immunity and authorizes recovery against the State for negligent acts of its "officer[s], employee[s], involuntary servant[s] or agent[s]." N.C.G.S. § 143-291(a) (2011). But intentional acts of these individuals are not compensable. *Collins v. N.C. Parole Comm'n*, 344 N.C. 179, 183, 473 S.E.2d 1, 3 (1996) (citing *Jenkins v.*

*N.C. Dep't of Motor Vehicles*, 244 N.C. 560, 94 S.E.2d 577 (1956)). A suit against a public official in his official capacity "is a suit against the State." *Harwood*, 326 N.C. at 238, 388 S.E.2d at 443. Therefore, sovereign immunity bars an intentional tort claim against a public official in his official capacity. *See id.*

In the case *sub judice* defendant, as head of the Department of Electrical and Computer Engineering at N.C. State, a public university position that certainly requires "deliberation, decision and judgment," falls within the definition of a public official. *Meyer*, 347 N.C. at 113, 489 S.E.2d at 889 (quotation marks omitted) (distinguishing a public official who "exercise[s] a certain amount of discretion" from an employee who "perform[s] ministerial duties" (quotation marks omitted)). Plaintiff is suing defendant for libel, an intentional tort. *See Dobson v. Harris*, 352 N.C. 77, 87, 530 S.E.2d 829, 837 (2000) (stating that in a defamation action, "the [defendant]'s state of mind, motive, or subjective intent is an element of [the] plaintiff's claim"). Therefore, plaintiff's claim is barred by sovereign immunity if it is one against defendant in his official capacity.

In *Mullis v. Sechrest*, 347 N.C. 548, 495 S.E.2d 721 (1998), we considered whether the "defendant Sechrest [wa]s being sued in his official capacity, individual capacity, or both" when both the initial and amended complaints "failed to specify in the caption whether [the] plaintiffs were suing [the] defendant Sechrest in his individual or official capacity." *Id.* at 551, 495 S.E.2d at 723. Ultimately, we

concluded that "[t]aken as a whole, the amended complaint, along with the course of proceedings . . . indicate[d] an intent by [the] plaintiffs to sue [the] defendant Sechrest in his official capacity." *Id.* at 554, 495 S.E.2d at 725. We recognized that North Carolina is a notice pleading state and observed that "in order for [the] defendant Sechrest to have [had] an opportunity to prepare a proper defense, the pleading should have clearly stated the capacity in which he was being sued." *Id.* at 554, 495 S.E.2d at 724. We added:

> It is a simple matter for attorneys to clarify the capacity in which a defendant is being sued. Pleadings should indicate in the caption the capacity in which a plaintiff intends to hold a defendant liable. For example, including the words "in his official capacity" or "in his individual capacity" after a defendant's name obviously clarifies the defendant's status. In addition, the allegations as to the extent of liability claimed should provide further evidence of capacity. Finally, in the prayer for relief, plaintiffs should indicate whether they seek to recover damages from the defendant individually or as an agent of the governmental entity. These simple steps will allow future litigants to avoid problems such as the one presented to us by this appeal.

*Id.* at 554, 495 S.E.2d at 724-25. Given the rationale underlying this language— namely, affording the defendant proper notice to prepare a defense—and our goal of avoiding similar uncertainty for future litigants, we conclude that *Mullis*'s directive is mandatory, rather than precatory. Therefore, we further conclude that if such clarity is lacking, we must presume that the defendant is being sued only in his official capacity. *See id.* at 552, 495 S.E.2d at 723; *see also Warren v. Guilford*

*Cnty.*, 129 N.C. App. 836, 839, 500 S.E.2d 470, 472, *disc. rev. denied*, 349 N.C. 241, 516 S.E.2d 610 (1998).

In this case the complaint does not specify whether plaintiff is suing defendant in his individual or official capacity. The caption does not include the words "in his official capacity" or "in his individual capacity," nor do the allegations "provide further evidence of capacity." *Mullis*, 347 N.C. at 554, 495 S.E.2d at 724-25. In addition, plaintiff does not indicate in the prayer for relief whether he "seek[s] to recover damages from . . . defendant individually or as an agent of the governmental entity." *Id.* at 554, 495 S.E.2d at 725. Instead, the caption and prayer for relief merely name "ROBERT J. TREW, Defendant" and "Dr. Trew," respectively. Furthermore, the allegations detail actions taken by defendant in his capacity as department head and make no mention of "individual capacity." Because the indicia of capacity mandated by *Mullis* are absent from the caption, allegations, and prayer for relief, we must presume that defendant is being sued in only his official capacity. Consequently, plaintiff's claim is barred by sovereign immunity.

Even if defendant had been sued in his individual capacity, we note that deference must be paid to the statutory scheme that the General Assembly has put in place regarding state employees and the documents pertaining to their employment. The General Statutes mandate that each department of the State—including public universities—"shall maintain a record of each of its employees."

N.C.G.S. § 126-23 (2011). These records are accessible to employee supervisors, and department heads may, in their discretion, allow others to read the records if doing so "is essential to maintaining the integrity of such department or to maintaining the level or quality of services provided by such department." N.C.G.S. § 126-24. It is clear that section 126-24 contemplates the circumstances when a department, or in this case a university, may release otherwise confidential information to the public in order to "maintain[ ] the integrity of such department or to maintain[ ] the level or quality of services provided by such department." *Id.* However, that is not the situation we confront in this case. Instead, the question presented is whether one individual in the employee's direct chain of command—the dean of the College of Engineering—may review plaintiff's performance review and whether the University's in-house counsel may be involved in the review as well

According to these statutory provisions, as well as the regulatory provisions discussed earlier, defendant, in his capacity as department head, was required to write and maintain a public record of plaintiff's official status at N.C. State. *See* N.C.G.S. § 126-23; N.C. State, Reg. 05.20.3(1). The dean of the College of Engineering had a clear statutory right to review the full contents of that record pursuant to section 126-24(2) and 25 NCAC 1C .0304(d), as well as a mandate to do so according to N.C. State, Reg. 05.20.3(1). In addition, we cannot say that it was unreasonable for defendant to seek guidance from the University's in-house counsel given the contentious nature of his relationship with plaintiff. In fact, were we to

follow plaintiff's line of reasoning, supervisors in state government effectively would be prohibited from seeking legal counsel in preparing performance reviews for state employees without fear of being subjected to a lawsuit for seeking such counsel. This result is untenable.

Clearly, requiring defendant to keep information of plaintiff's allegedly hostile and aggressive workplace behavior to himself is contrary to the General Assembly's statutory and the regulatory directives that flow therefrom. It cannot be the case that, when state employees have statutory rights and obligations regarding the maintenance of employee records, communication in conformity with those rights and obligations constitutes publication for a libel suit.

As we have determined that plaintiff's claim is barred by sovereign immunity, we reverse the decision of the Court of Appeals.

REVERSED.

Justice BEASLEY did not participate in the consideration or decision of this case.

Justice EDMUNDS dissenting.

As the majority acknowledges, this Court has never before required that a complaint designate whether a defendant is being sued as an individual or in his or her official capacity. *See, e.g.*, *Meyer v. Walls*, 347 N.C. 97, 110-11, 489 S.E.2d 880,

887-88 (1997) (allegations in complaint reviewed to determine capacity in which a defendant is sued). While I agree that the best practice is for a complaint to be specific on that point, the Court today mandates what it only suggested yesterday. *See Mullis v. Sechrest*, 347 N.C. 548, 554, 495 S.E.2d 721, 724-25 (1998) (advising, but not requiring, that a complaint state the capacity in which a defendant is being sued).

In light of our deferential review of complaints under notice pleading, *see, e.g.*, *Embree Constr. Grp., Inc. v. Rafcor, Inc.*, 330 N.C. 487, 491, 411 S.E.2d 916, 920 (1992), I believe the complaint provided adequate notice that defendant was being sued in his individual capacity. For instance, the complaint states that "[t]his is an action against a natural person." Thus, when drafted, filed, and served, this complaint met every pleading requirement set out in the North Carolina Rules of Civil Procedure and in our cases. Although plaintiff acknowledges that his burden of proof in a libel action is high, I believe he should have the opportunity to make his case. If this Court chooses to impose an additional pleading requirement in future cases of this type, so be it. But I do not believe that plaintiff should lose his day in court because he was unable to predict what the majority would hold. I respectfully dissent.

Justice HUDSON joins in this dissenting opinion.